(No. 6582.   May 10, 1939.)

ORVILLE LONG, Administrator of the Estate of ORSON WILLIAMS, Deceased, and STATE ex Rel. CALVIN E. WRIGHT, State Auditor, Respondents, v. STATE INSURANCE FUND, Appellant.

[90 Pac. (2d) 973.]

Carroll F. Zapp and C. L. Hillman, for Appellant.

W. J. Lamme, J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondents.

MORGAN, J.—This proceeding was commenced before the industrial accident board by the State of Idaho, on relation of Harry C. Parsons, then state auditor, to procure an award of $1,000 to be made, pursuant to I. C. A., sec. 43–1101, as amended by Session Laws 1935, chapter 147, pp. 364, 366, against W. W. Brown and H. B. Way and their surety, state insurance fund, because of the death of Orson Williams, who was alleged to have died as the result of an accident which arose out of and in the course of his employment by Brown and Way, without leaving any dependent. Respondent Long, as administrator of the estate of Williams, filed a claim for medical attendance and hospital services made necessary by said accident, and for funeral expenses. The case was decided by the board and an appeal was perfected prior to the adoption of the constitutional amendment authorizing appeals from the board directly to the supreme court. Therefore the case is governed by the practice prevailing prior to that amendment, when appeals were taken from the board to the district court and thence to the supreme court.

The hearing before the board resulted in an order wherein Long, as administrator of the estate of Williams, deceased, was awarded $280, and that the employers and their surety pay $1,000 into the state treasury as prayed for by the auditor. The state insurance fund appealed to the district court and the appeal was dismissed "on account of the failure of the appellants to assign any specification of error either in the notice of appeal or in any other formal manner." This appeal is from the judgment of dismissal.

The term of Mr. Parsons as state auditor having expired, his successor, Calvin E. Wright, was substituted for him as relator.

■ ■ ⸱The award was dated February 26, and filed February 28, 1938. There appears in the transcript a document which purports to be a "specification of errors in support of appeal to district court." It is undated but was served on counsel for respondents March first, and was filed in the district court March third, 1938. At the time the order was made dismissing the appeal no error had been specified, nor does the notice of appeal contain anything of the nature of an assignment of errors. The attorney general has moved that the specification of errors, filed March 3, 1938, be stricken and the motion is sustained.

■ ■ At the time the award was made section 43–1409 was in force and provided for an appeal therefrom to the district court, and prescribed how it should be taken. That section was conformed to by appellants. There was no statutory requirement that errors relied on by an appellant in such a case be specified. *Obiter dictum* in one of our opinions led to the dismissal of the appeal to the district court. In *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 715, 218 Pac. 356, 358, we said:

"This court, in *McNeil v. Panhandle Lumber Co. et al.*, 34 Ida. 773, 203 Pac. 1068, expressly stated that it approved of a suggestion made by the district court as to the proper procedure in bringing to the attention of the district court the errors of law relied on:

" 'The court suggested, however, that the better practice on appeal to the district court in such cases as this would be for appellant to set out, either in the notice of appeal or in some other formal manner, the errors of law upon which the appeal is based.'

"Had the district court in the case at bar refused to consider the appeal from the industrial accident board because of the failure of appellants to specify the errors claimed, its action therein would not have been error."

No motion had been made in the district court, in *Taylor v. Blackwell Lumber Co., supra,* to dismiss the appeal from the industrial accident board for failure to specify errors relied on, nor was it dismissed. The question of dismissal was not properly before the court for decision and, as above

indicated, the quoted portion of that opinion is *obiter dictum*.

In *Haugse v. Sommers Bros. Mfg. Co.*, 43 Ida. 450, 454, 254 Pac. 212, 213, 51 A. L. R. 1438, this court, discussing a motion to dismiss an appeal from an order of the board, said:

"It was suggested in *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068, and *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356, that on an appeal from the Industrial Accident Board the appellant should specify the errors alleged to have been committed by the board; and because of the nature of the last-mentioned case, it was suggested that the district court would not have erred had it 'refused to consider the appeal.' This court, however, has never held that the district court is required to dismiss an appeal from the board for the failure to specify the alleged errors of the board."

Since the amendment of the constitution, this question will probably not arise again, but it may not be amiss to recall, in passing, that the right to appeal and procedure on appeal are provided for in the constitution and fixed by statute and it is not optional, or discretionary, to hear an appeal or not to hear it. Article 5, sec. 13 of the constitution is:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this constitution."

The order dismissing the appeal was erroneous.

The case has been fully briefed and argued on the merits and a majority of the court is of the opinion that, since the amendment of the constitution which abolished appeals from the industrial accident board to the district court and limited our jurisdiction to a review of questions of law, (ratified November 3, 1936, 1937 Sess. Laws, p. 498)

nothing will be gained by remanding the case to the district court, and that we should decide it on the merits.

Orson Williams and Archie Merrill were employed by Brown and Way to perform work on a mining property. They commenced work May 15, and continued until noon May 26, 1936 when, because of illness of Williams, they went to Arco where he died on June 6th of the same year, from an attack of Rocky Mountain Spotted Fever caused by tick bite. Brown and Way procured industrial accident insurance from state insurance fund, covering their said employees, which became effective at noon May 19, 1936. The only question presented, on the merits, is as to whether the accident occurred after the insurance became effective.

The evidence shows the brush, at and about the place of employment, was infested with wood ticks and that both men were bitten frequently by them. Comparatively few ticks are dangerous, but infection from those which are is, unfortunately, frequent. Medical testimony was introduced to the effect that the period of incubation of spotted fever ranges from two or three to ten or twelve days. (*Nelson v. Tesemini Timber Protective Assn. et al.,* 59 Ida. 529, 84 Pac. (2d) 566.) From the medical testimony and from evidence of the symptoms of Williams, and the history of his case, the board found that Williams "received a bite from one or more infected wood ticks on or about the 20th day of May, 1936, while on the mining premises above described of the defendants, W. W. Brown and H. B. Way; that said bite was a personal injury by accident arising out of and in the course of his employment with the said defendants, W. W. Brown and H. B. Way." At that time the insurance was in force.

The evidence is sufficient to sustain that finding; also the finding that Williams died as a result of Rocky Mountain Spotted Fever, caused by being bitten by such tick, or ticks, and findings as to the amounts expended for medical attendance, hospital services and funeral expenses, and that Williams left no dependent. The award is affirmed. Costs to respondents.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.