[No. 29303.  Department One.  June 6, 1944.]

ELIZABETH G. JOHNSON, *Respondent*, v. THE COMMISSIONER
OF UNEMPLOYMENT COMPENSATION AND
PLACEMENT, *Appellant*.[1]

*The Attorney General, George W. Wilkins,* and *Bernard A. Johnson, Assistants,* for appellant.

*Lycette, Diamond & Sylvester* and *Herman Howe,* for respondent.

BEALS, J.—November 20, 1942, Elizabeth G. Johnson filed with the commissioner of unemployment compensation and placement of the state of Washington a claim for benefits under the unemployment compensation act, Laws of 1941, chapter 253, p. 870. It was determined by the department that the claimant was ineligible to receive benefits, she having restricted her availability for employment. Claimant reviewed this determination before the appeal tribunal, which, April 30, 1943, affirmed the departmental ruling. Claimant was advised of this adverse decision by registered letter which was delivered at her address May 1, 1943, as disclosed by the "return receipt" which is a part of the de-

[1] Reported in 149 P. (2d) 367.

partmental record now before this court. By this notice the claimant was advised that, pursuant to the law, she could initiate a further appeal by filing a petition for review on or before May 10, 1943.

The following sections of the statute provide for such appeals and a review by the commissioner based thereon:

Rem. Supp. 1941, § 9998-106c: "When an appeal is taken, as provided in the foregoing section, unless such appeal is withdrawn, an appeal tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm or modify the findings of fact and decision of the unemployment compensation division. The parties shall be duly notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision on the claim, unless within ten days after the date of notification or mailing, whichever is the earlier, of such decision, further appeal is initiated pursuant to section 6 (e) [§ 9998-106e]."

Rem. Supp. 1941, § 9998-106e: "The commissioner may on his own motion, or upon the petition of any interested party, shall, affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence. The commissioner may transfer to another appeal tribunal the proceedings on any claim pending before an appeal tribunal."

The petition for review filed by claimant bears date May 10, 1943, and was received at the office of unemployment compensation and placement May 11, 1943. This petition was deposited in the United States mails May 10, 1943, but did not reach the office of the commissioner until the following day.

Being of the opinion that the claimant had not initiated her further appeal by filing her petition for review within the ten-day period provided by statute, the commissioner refused to review the decision of the appeal tribunal, and May 25, 1943, affirmed the order of the appeal tribunal denying claimant any relief under the act.

From this ruling by the commissioner, claimant appealed to the superior court, filing before that court this proceeding, naming herself as plaintiff and the commissioner as

defendant. Upon the hearing the court found that the plaintiff had initiated her appeal to the commissioner from the decision of the appeal tribunal May 10, 1943, by on that day mailing to the commissioner her petition for review, which petition was received at the commissioner's office May 11, 1943; that this notice of appeal was timely and complied with the provisions of the statute. From the findings the court concluded that the order of the commissioner, denying plaintiff's petition for review of the decision of the appeal tribunal entered April 30, 1943, should be reversed and the claim remanded, with instructions to the commissioner to review plaintiff's claim and render a decision thereon upon the merits. From a decree entered in accordance with the findings of fact and conclusions of law, the commissioner has appealed.

Appellant assigns error upon the entry of findings of fact and conclusions of law by the superior court; upon the court's conclusion that respondent's appeal to the commissioner was timely; and upon the entry of judgment reversing the commissioner's ruling.

It clearly appears from the record that respondent's petition for review reached the office of the commissioner on the eleventh day after the date upon which the period within which respondent might appeal to the commissioner began to run. In the case of *Mud Bay Logging Co. v. Department of Labor & Industries*, 193 Wash. 275, 75 P. (2d) 579, we said:

"A claim passed upon by the department becomes final after the time for appeal has expired. If an appeal is not prosecuted within the time fixed by statute, the appeal will not lie. *Nafus v. Department of Labor & Industries*, 142 Wash. 48, 251 Pac. 877."

In the case of *Smith v. Department of Labor & Industries*, 1 Wn. (2d) 305, 95 P. (2d) 1031, the rule is laid down as follows:

"The giving of notice of appeal within the time prescribed by statute is jurisdictional. Failure to comply with that jurisdictional requirement prohibits the joint board from considering the merits of a claimant's appeal."

The case of *MacVeigh v. Division of Unemployment Compensation,* 19 Wn. (2d) 383; 142 P. (2d) 900, is to the same effect.

The provision of § 9998-106c, *supra,* providing that the appeal tribunal's decision "shall be deemed to be the final decision on the claim, unless within ten days after the date of notification or mailing, whichever is the earlier, of such decision, further appeal is initiated," etc., clearly indicates that, upon the expiration of the ten-day period without receipt of a petition for review, the commissioner should consider the claim closed, and act accordingly.

The statute in question is designed to relieve immediate emergencies, and while it may well be argued that a longer period than ten days should be accorded to a claimant within which to appeal from an unsatisfactory departmental ruling, it is important to the department, as well as to the claimant, that claims be passed upon expeditiously and any relief granted paid promptly.

Respondent argues that her appeal was "initiated" by mailing the petition for review within the ten-day period. To so hold would leave the matter of the appeal in suspense, and, if no petition for review was ever delivered through the mails at the office of the commissioner, would leave the question of whether or not an appeal had been initiated to be determined upon statements made by or on behalf of the claimant at some later date. Questions concerning the time of mailing might also be in dispute. Would a letter be held "mailed" when deposited in a post box, or when postmarked at the receiving post office? It is not reasonable to suppose that the legislature intended to leave the matter open beyond the ten-day period.

In the case at bar, no contention is made that respondent was not, on May 1st, advised of the adverse ruling of the appeal tribunal. Respondent, having failed to petition for a review by the commissioner within the time provided by law, lost her right to have the ruling of the appeal tribunal reviewed. The trial court accordingly erred in holding that this appeal by respondent had been timely taken, and in

entering judgment reversing the commissioner's decision.

The judgment appealed from is accordingly reversed, with instructions to enter judgment affirming the decision of the commissioner.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.