No. 16,007.

SOUTHERN COLORADO POWER COMPANY ET AL. *v.*
INDUSTRIAL COMMISSION ET AL.
(193 P. [2d] 885)

Decided May 3, 1948.

Mr. ROY E. MONTGOMERY, Messrs. BURRIS & BUMGARD-
NER, for plaintiffs in error.

Mr. CHARLES F. KEEN, for claimants.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr.
DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for
the Industrial Commission.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

AGNES KOCHAN, for herself and two minor children, was awarded workmen's compensation by the Industrial Commission to be paid by plaintiffs in error, Southern Colorado Power Company and its insurer Fidelity and Casualty Company of New York, for the death of the husband and father from Rocky Mountain spotted fever resulting from the bite of a wood tick, allegedly an accident arising out of and in the course of employment of Kochan. In an appropriate action the district court sustained the award of the commission. The power company and insurer are here by writ of error seeking reversal of the judgment.

It is conceded that deceased was employed by the power company, one of the plaintiffs in error, as a truck driver; that he became ill May 15, 1947, under circumstances presently to be stated, and died May 31st, 1947, of Rocky Mountain spotted fever; and that the only known cause for such fever is a bite from an infected wood tick.

Counsel for plaintiffs in error in their brief state: "The only questions involved in this proceeding are whether or not the claimants sustained the burden of proving that the decedent was in fact bitten by a tick while so employed, and not elsewhere, and if so, whether the same is compensable under the act." Otherwise stated, the questions involved are: (1) Was decedent bitten by an infected wood tick? (2) If so, did such occur within the course of decedent's employment? and (3) Is such bite a compensable injury under the workmen's compensation act?

In reference to the first point it is argued that there is no proof of an actual tick bite, because the doctors who examined decedent testified that they found no evidence thereof. Dr. Shoun, the first witness called by

claimant, testified, inter alia, as follows: "Q. You could find no place on him where he had been bitten by a tick? A. We didn't find a place. Q. And you were searching for that? A. We were, because, when we suspected Rocky Mountain spotted fever, we went over his body thoroughly. I didn't suspect that until the eruption appeared on him. Q. Is there any way that a man could contract Rocky Mountain spotted fever other than by having been bitten by a tick? A. I don't think so, not to my knowledge. Q. If he died of that disease at once following that, he was bitten by a tick? A. He was bitten by a tick."

From the above testimony it is clear that no thorough search of the body was made for evidence of a tick bite until the eruption or rash appeared, in which event claimant's witness, Dr. Lynch, testified, it would be very difficult to find any trace of such bite. This testimony justified the finding by the commission and trial court that deceased was bitten by an infected tick; that Rocky Mountain spotted fever developed therefrom, which resulted in the death of decedent, and under the established rule in this jurisdiction we may not disturb that finding.

On the issue as to whether or not the injury occurred within the scope of decedent's employment, the evidence shows that deceased and other workmen were employed by the power company, and were engaged in rebuilding a power line a few miles west of Canon City; that ticks were seen in that area and that three ticks were actually found upon two of the workmen who worked with decedent; that there were many trees in the vicinity, including dead ones; that John Skerjanec testified that he was working with the decedent on the 13th day of May, 1947, and that sometime in the afternoon of said day they "started back over the mountain"; that they were working about a mile west of the C. F. & I. quarry, which was approximately "four or five miles from the state penitentiary," and was "in the hills"; that

the workmen were "rebuilding this line, changing cross-arms and laying up what we call the static bar. And on the way back we pulled the slack out of this wire and there was a dead tree—it was a pinon—and Mr. Kochan, he stepped up on this crotch, raised up there and got hold of this wire and turned it loose, and his hat fell off." It is further disclosed by the evidence that the men went back to the same place and continued their work on May 14th; that May 15th it rained and decedent with the other employees worked in Canon City; that on the evening of the 15th decedent complained, "that he was feeling terrible," and also he said, "I don't feel good, and, if I don't feel any better, I won't be out tomorrow." The witness Skerjanec testified further: "Q. Did you see any evidence of wood ticks in the vicinity and the place where you stated Mr. Kochan climbed this tree? A. Yes, we seen wood ticks. I have seen a few up there. I brought one of them home myself, and as I changed clothes it dropped on the floor. Q. That is after you had been in that same region? A. Yes, that was either a day or so before the thirteenth. It was either the twelfth or whenever it was."

Another witness, F. W. Snow, who also was an employee who worked with decedent, corroborated the witness Skerjanec in many of the details with respect to ticks being in the area, and testified that he worked with decedent on the 15th day of May at the plant in Canon City, and on that evening decedent complained of "feeling very tough." He also testified that he thought he saw the decedent every day from the 12th to the 15th, inclusive.

Carl W. Perry testified that he was likewise an employee of the power company and worked with Kochan and Skerjanec, and was in the same area during the month of May, 1947; that he had discovered two wood ticks on himself at about the same time that the decedent became ill. He then was asked: "Q. The section where Mr. Kochan and Mr. Skerjanec were working on

the thirteenth? Is that a wood tick section? A. Yes, sir.
Q. Brush and trees? A. Yes."

Agnes Kochan, the widow of deceased, testified that
when her husband returned from work the evening of
May 15th, that he complained of headache and that he
ached all over; that she called Dr. Shoun who came and
examined him; and, the "Doctor told me, if he don't feel
no better the next day, to call him; and I called him,
and John was all broke out with a rash." Mrs. Kochan
further testified that her husband stayed at home all
day Saturday, May 10th, and worked in the yard; that
he was at home all day Sunday, May 11th, except for a
brief period when he went to her mother's house in
Canon City; and that for approximately one week prior
to May 11th, he had not been into the hills, or out of
Canon City, or on any trip "other than where he went
on his employment." Dr. Shoun testified that the period
of incubation (time which elapses between the bite and
manifestation of the fever) is ordinarily from four days
to a week, in extreme cases from two to twelve days,
and that the rash usually appears on the third or fourth
day.

From the foregoing it is clear that decedent worked
in an area where ticks were prevalent during the entire
incubation period; that during such period and for more
than a week before decedent's illness he had not been
in a tick area except while working for the power com-
pany; that the time, place and cause of injury were suf-
ficiently established, and that the accident is compen-
sable under the Workmen's Compensation Act.

A discussion of the issues involved herein will be
found in the following authorities: *Reinoehl v. Hama-
cher Pole & Lumber Co.,* 51 Ida. 359, 6 P. (2d) 860; *Roe
v. Boise Grocery Co.,* 53 Ida. 82, 21 P. (2d) 910; *Salt
Lake County v. Industrial Commission,* 101 Utah 167,
120 P. (2d) 321; *Vaughn v. Robertson & Thomas,* 54 Ida.
138, 29 P. (2d) 756; *Long v. State Ins. Fund,* 60 Ida. 257,
90 P. (2d) 973; *Smith v. McHan Hardware Co.,* 56 Ida.

43, 48 P. (2d) 1102; *Pitchforth v. Macomb,* 111 Colo. 135, 137 P. (2d) 1021; *Prouse v. Industrial Commission,* 69 Colo. 382, 194 Pac. 625.

The judgment is affirmed.