366 P.2d 589

Stella M. STRIEBECK, Claimant-Appellant,

v.

**EMPLOYMENT SECURITY AGENCY,**
Respondent.

No. 9005.

Supreme Court of Idaho.

Nov. 22, 1961.

Cox, Ware, Stellmon & O'Connell, Lewiston, for appellant.

John W. Gunn, Boise, for respondent.

KNUDSON, Justice.

On October 13, 1960, claimant, Stella M. Striebeck, filed a claim for benefits at the Employment Security Agency in which she stated, inter alia, that she was last employed by the United States Forestry Service at Riggins, Idaho, from October 2, 1960 through October 11, 1960, and was laid off because of lack of work. She further stated that her base period employer was Riggins Cafe and her reason for leaving said employment was "quit—because of illness". Under a section of said Claim for Benefits entitled Remarks, claimant stated as follows:

"Seven Devils Cafe, Riggins, Idaho 9–59 to 7–15–60 Took time off to build

house—Employer put another person in my place—Have worked 4½ days relief since."

Under date of October 27, 1960, the Employment Security Agency, through its local office at Grangeville, Idaho, issued its determination regarding said claim and held in effect that since claimant had voluntarily and without good cause left her employment by the Riggins Cafe, she was not eligible for benefits.

On November 8, 1960, claimant filed a request for redetermination wherein she stated:

"The statement that I took my vacation in July to help my husband work on building our house, is not correct. I took my vacation at (that) time and helped him incidental to that. I was available for work during that time. My employer came to the house and suggested that since she had another girl working who needed the money, that I go ahead working on the house and that I could work relief for her and that she had another job lined up for me the 1st of hunting season. This job did not materialize due to poor business.

"I have read, or have had read to me, the above statement. I certify that the information given is true and correct."

Under date of November 18, 1960, a copy of the Agency's "Redetermination" decision affirming the determination of October 27, 1960, was mailed to claimant at the address stated in her "Request for Redetermination". At the bottom of the redetermination decision is printed in small type the following:

"Notice: The Employment Security Law provides that this redetermination shall become final unless, within fourteen days of the "Date of Mailing" (as shown in the upper right hand corner of this form) an appeal is filed by a legally interested party with the Employment Security Agency."

On December 6, 1960, claimant filed an appeal to the Employment Security Agency wherein claimant states as follows:

"I, Stella M. Striebeck, conceiving myself aggrieved by the redetermination of L. E. Coupe, Claims Examiner for the Employment Security Agency, dated the 18(th) day of November, 1960, and served on the appellant on the 18(th) day of November, 1960, hereby appeal to the Appeals Tribunal to hear and determine the within claim for benefits and your appellant prays:

"I did not understand that I was to report in to file a request for an appeal within 14 days of determination being mailed. I did not read the notice at the bottom of the determination. I request a hearing regarding my separation from my job with Seven Devils Cafe."

Under date of December 28, 1960, a decision of the Appeals Examiner was mailed to claimant wherein it is ordered that the redetermination of November 18, 1960, be affirmed. Said decision contains the following quoted paragraph:

"The Redetermination in this case was properly served upon the claimant. There is no provision under the Employment Security Law for waiving the 14-day time limit for protesting the Redetermination of the Agency. Failure of the claimant to file her appeal within the statutory time limit leaves the Appeals Examiner without jurisdiction to rule upon the merits of the case."

On January 3, 1961, claimant filed her "Claim for Review" with the Industrial Accident Board and therein states that "I did not understand that I was to report to request an appeal within 14 days". On January 18, 1961, the Industrial Accident Board entered its order rejecting claimant's claim for review and remanding the record to the Employment Security Agency. Said order of the Industrial Accident Board contains the following:

"On the undisputed showing in the record, the appeals examiner's ruling was correct. Neither the Agency nor this Board has the authority to waive the statutory requirement that an appeal must be filed within 14 days."

This appeal is taken from said order of the Industrial Accident Board.

Appellant contends that the Industrial Accident Board erred in its construction of I.C. § 72–1368, subsections (d) and (e). The pertinent portions of said subsections are as follows:

"(d) A request for redetermination may be filed by any interested party and shall be filed in accordance with such rules and regulations as may be prescribed by the director. A redetermination upon such requests shall be promptly made by a claims examiner and, on the basis of facts found by him shall include a statement as to whether or not the determination is affirmed, reversed or modified, and if modified, to what extent, as well as a statement showing the reasoning upon which the redetermination is based if adverse to the claimant requesting it; or, upon such request and before notices of redetermination have been served, the director may, on his own motion, transfer the request for redetermination directly to an appeals examiner in which event such request shall be deemed to constitute an appeal, as of the date of the request, from the determination. A redetermination shall become final unless, within fourteen days after notice, as provided in sub-section (e) following, an appeal is filed by an interested party with the employment security agency

in accordance with such rules and regulations as may be prescribed by the director.

"(e) All interested parties as defined in section 72–1323, shall be entitled to prompt service of notice of determinations and redeterminations. The claimant shall be served with notice of all determinations and redeterminations, but in the event that a claimant files more than one claim arising out of the same unemployment, the last employer need not be served with notice of more than the initial determination and redetermination unless he specifically requests service of additional notices. For purposes of this section, a notice shall be deemed served if delivered to the person being served or if mailed to his last known address; service by mail shall be deemed complete on the date of mailing."

It is appellant's contention that the legislature, by using the language contained in the last sentence of said subsection (e), gave the Board or Agency discretion in the matter, such discretion to be exercised according to the facts and circumstances shown to exist. Appellant contends that should the Board or Agency feel that the appeal time should run from the date of actual delivery of the decision to the claimant rather than the date of mailing, they have been given the discretion to so order;

that such discretion is authorized under a. proper construction of the word "deemed" as used in said subsection (e). We do not. agree that the wording of said statute is susceptible to such construction.

It is true that the Employment Security Law must be liberally construed to the end that its purpose be accomplished and that in construing a statute the primary function is to ascertain and give effect to the intention of the legislature as expressed. in the statute. Hagadone v. Kirkpatrick,. 66 Idaho 55, 154 P.2d 181; Northern Pac. R. R. Co. v. Shoshone Co., 63 Idaho 36, 116. P.2d 221. However, words and phrases of a statute must be given their usual, plain. and ordinary meaning, according to approved usage and language. City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d. 680. The word "deem" is defined as:

"To have an opinion; to judge; believe; suppose * * * to form judgment upon; to hold in opinion; to regard; esteem; think." Webster's New International Dictionary, Second Edition.

"To hold; consider; adjudge; condemn; determine; treat as if; construe." Black's Law Dictionary, Fourth Edition.

The word "deemed" has been specifically interpreted by this Court in two cases, i. e.,. Powell v. Spackman, 7 Idaho 692, 65 P.. 503, 54 L.R.A. 378 and Swanson v. Employ–

ment Security Agency, 81 Idaho 385, 342 P.2d 714, the latter case involving a cognate, if not identical subject and therefore the interpretation therein given of the scope and meaning of the word is quite compelling. In each of said cases it is interpreted as creating a conclusive presumption.

■■ It is well established that except where the right of appeal is secured by the constitution, so as to have become a constitutional right, it is dependent entirely upon statute, and is subject to the control of the legislature, which may, in its discretion, grant or take away the remedy and prescribe in what cases, under what circumstances, in what manner, and to and from what courts appeals may be taken. 4 C.J.S. Appeal & Error § 18b, p. 98; Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077; Young v. Board of County Commissioners, 67 Idaho 302, 177 P.2d 162; Vaught v. Struble, 63 Idaho 352, 120 P.2d 259; Long v. State Insurance Fund, 60 Idaho 257, 90 P.2d 973; Haines v. State Ins. Fund, 65 Idaho 450, 145 P.2d 833. This legislative power is granted by the provision of Art. V, § 13 of the State Constitution, and in the event the legislature sees fit to provide a method of appeal the legislative decision is final and conclusive. In Porter v. Estate of Porter, 54 Idaho 99, 28 P.2d 898, 899, this Court said:

"Since no appeal is provided by the statute from an order refusing to revoke the probate of a will and it was within the discretionary powers of the legislature, to allow or grant one, we may not usurp the prerogative of the Legislature and read into the statute something which is not there. General Custer Min. Co. v. Van Camp, 2 Idaho (Hasb.) 40, 3 P. 22; Pierson v. State Board of Land Com'rs, 14 Idaho 159, 93 P. 775; Ingard v. Barker, 27 Idaho 124, at page 135, 147 P. 293; Eaton v. Glindeman, 33 Idaho 389, at page 394, 195 P. 90; In re Drainage District No. 3, 40 Idaho 549, at page 554, 235 P. 895."

This Court has repeatedly held that the statutory requirements as to the method and manner of taking an appeal are mandatory and the filing and service of notice of appeal within the time and in the manner prescribed by statute are jurisdictional. Kimzey v. Highland Livestock & Land Co., 37 Idaho 9, 214 P. 750; Patrick v. Finch, 51 Idaho 538, 8 P.2d 776; McMillan v. Sproat, 47 Idaho 724, 278 P. 224; State v. Paris, 58 Idaho 315, 72 P.2d 865; Farmers Equipment Co. v. Clinger, supra.

■ The statutory requirements governing the right of appeal under the Employment Security Law are equally mandatory and jurisdictional. In Johnson v. Commissioner of Unemployment, etc., 20 Wash.2d 730, 149 P.2d 367, 369, the Supreme Court of Washington had under consideration

facts very similar to those here involved and said:

> "Respondent, having failed to petition for a review by the commissioner within the time provided by law, lost her right to have the ruling of the appeal tribunal reviewed."

In Mud Bay Logging Co. v. Department of Labor, etc., 193 Wash. 275, 75 P.2d 579, the Court stated:

> "A claim passed upon by the department becomes final after the time for appeal has expired. If an appeal is not prosecuted within the time fixed by statute, the appeal will not lie."

In Smith v. Department of Labor and Industries, 1 Wash.2d 305, 95 P.2d 1031, 1032 the Court laid down the following rule:

> "The giving of notice of appeal within the time prescribed by statute is jurisdictional. Failure to comply with that jurisdictional requirement prohibits the joint board from considering the merits of a claimant's appeal."

Although the record contains two inconsistent statements, each over the signature of appellant, as to the date upon which the redetermination decision was served upon her, there is no contention by appellant that she did not receive such decision within the 14 day period provided in said statute. The record also contains a showing that a copy of said decision was mailed under date of 11–18–60 addressed to appellant at Box 662, Riggins, Idaho. Appellant made no claim under appeal from the redetermination decision, nor under her appeal to the Industrial Accident Board, neither is there any issue raised under this appeal, regarding the time of mailing said redetermination decision or the correctness of the address to which it was mailed.

It is clear the legislature intended that for the purpose of perfecting an appeal as provided in said § 72–1368 service of a notice of determination or redetermination shall be regarded and adjudged as complete when delivered to the person being served or on the date of mailing if mailed to such person at his last known address. It is equally clear that the legislature did not intend to leave the right of appeal open beyond the 14 day period provided by said statute.

Appellant having failed to appeal from the redetermination decision (copy of which was mailed to her under date of November 18, 1960) within the 14-day period provided by statute, appellant lost her right to have such decision reviewed. The order of the Industrial Accident Board is affirmed.

Costs to respondent.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.