531 P.2d 232

**DEPARTMENT OF EMPLOYMENT,**
Plaintiff-Appellant,

v.

**ST. ALPHONSUS HOSPITAL,**
Defendant-Respondent.

No. 11551.

Supreme Court of Idaho.

Jan. 24, 1975.

W. Anthony Park, Atty. Gen., R. LaVar Marsh, Raymond N. Malouf, Asst. Attys. Gen., Boise, for plaintiff-appellant.

Raymond D. Givens, Boise, for defendant-respondent.

DONALDSON, Justice.

Pursuant to § 72–1349(f), Idaho Code, St. Alphonsus Hospital in Boise, Idaho, elected to become a cost reimbursement employer under the Employment Security Law. Thus, the hospital is billed quarterly for the amount of unemployment insurance benefits paid by the department to claimants which is attributable to service in the employ of the hospital. A former employee of the hospital was erroneously paid two weeks of benefits because of a mistake by the Department of Employment. The hospital was billed for and paid the benefits now at issue, and sought either a refund or a credit for the amount paid the ineligible claimant. The Department of Employment initially determined that the respondent hospital was not entitled to a refund or credit. This determination was upheld upon review by a Senior Appeals Examiner of the Department of Employment. However, the Industrial Commission next reviewed the determination and on November 13, 1973, issued an order granting the respondent a refund or credit based on § 72–1357, Idaho Code. The Department of Employment then filed a petition for rehearing on November 27, 1973. The Industrial Commission granted this motion, and on December 6, 1973, issued an order purporting to set aside the order of November 13, 1973. Upon rehearing an order was issued by the Industrial Commission on January 30, 1974, which also reversed the decision of the Appeals Examiner. That same day the Department of Employment gave notice of an appeal to this Court.

The initial question is the timeliness of the appeal. An appeal from a decision made by the Industrial Commission interpreting the Employment Security Law must be filed within thirty days of the issuance of that decision. I.C. § 72–725. The appellant filed a notice of appeal within the time limit of the January 30, 1974, decision, but not of the November 13, 1973, decision. Thus, this appeal is timely only if the withdrawal and subsequent rehearing of the December 6 decision were proper.

In support of the Industrial Commission's granting of a rehearing in this matter, appellant offers § 72–1368(g), Idaho Code, which reads in pertinent part as follows:

"* * * After affording a fair and impartial hearing to the parties involved

in a claim for review, the commission shall affirm, reverse, modify, set aside or revise the decision of the appeals examiner or may refer the matter back to the appeals examiner for further findings of fact. The commission shall file its decision and shall promptly serve notice of its decision to all the interested parties. *No party shall as a matter of right be entitled to a second hearing before the commission upon any question of fact.*" (emphasis added)

Appellant argues that the italicized language as to an absence of a right to review as to matters of fact implies that the Commission may in its discretion grant a rehearing as to matters of fact which in turn implies a reconsideration of the ultimate decision of the Commission.

However, a more plausible interpretation of the language, when read in the context of the entire subsection, is that it merely reaffirms the discretion of the Industrial Commission in regard to the evidence admitted upon an appeal from a decision of the Appeals Examiner. This is in accord with other provisions of § 72–1368, Idaho Code, which precede the above-quoted language and states:

"* * * the record of the proceedings before the appeals examiner shall become part of the record of the proceedings on a claim for review before the commission with respect to the evidence admitted into testimony received before the appeals examiner, *but the commission is not precluded from hearing the same witnesses as appeared before the appeals examiner nor any additional witnesses nor is the commission precluded in any way from receiving any additional evidence.* * * *." (emphasis added)

Appellant, moreover, fails to reconcile his proposed interpretation and the overall structure of the section. Within the section the legislature has specifically provided for a rehearing of the determination at every level except that of the Commission itself. A rehearing of the determination of a Claims Examiner is provided by subsection (d), and subsection (f) in turn provides for a rehearing on the Appeals Examiner level. In both cases a decision is final upon the running of a certain time span *unless* (1) a rehearing is requested, or (2) an appeal to the next level is filed. The option of rehearing is omitted only in the subsection dealing with Commission decisions. That is subsection (i), and it reads as follows:

"A decision of the commission, in the absence of fraud, shall be final and conclusive unless within thirty (30) days after a copy of the decision has been served on the parties, one (1) of the parties appeals to the Supreme Court. In such appeal the jurisdiction of the court shall be limited to a review of questions of law. All appeals of matters arising under this act shall by the court be disposed of before any civil causes or action are considered. The mode of taking appeals from the decisions of the commission shall be in the manner prescribed by section 43–1409 [72–725—72–734], as amended, necessary changes and substitutions being made therein, except that no transcript fee shall be charged to or collected from the appealing party."

Moreover, the contrast is significant between the above quoted provision in the Employment Security Act, and the comparable provision in the Workmen's Compensation Act. The latter is § 72–718, Idaho Code, and reads as follows:

"A decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated by the commission upon the expiration of the 30th day after filing the decision in the office of the commission, unless prior to that day (1) the commission on its own motion or that of a party in interest, and after notice to all parties in interest, shall signify that it will reconsider the decision, or (2) a party in interest shall seek judicial review by appeal.

"The decision of the commission upon reconsideration of the case, in the absence of fraud and except as provided in

section 72–719, shall become final as to all matters considered, upon expiration of the 30th day after filing the decision in the office of the commission, and mailing a copy to the interested parties unless prior to that day a party in interest shall seek judicial review by appeal."

The legislature specifically provides for the rehearing of workman's compensation matters, and the lower level determinations under the Employment Security Act. The double inference requested by the appellant is a strained interpretation and fails to overcome the absence of specific authority for the rehearing granted appellant by the Commission. *See* Striebeck v. Employment Security Agency, 83 Idaho 531, 366 P.2d 589 (1961).

Since the so-called rehearing did not stay the effective date of the November 13, 1973, decision, this appeal is not timely. Therefore, the appeal is dismissed. Costs to respondent.

McQUADE, C. J., SHEPARD and BAKES, JJ., and SCOGGIN, District Judge, Retired, concur.