797 P.2d 1383

**J & J CONTRACTORS/O.T. DAVIS CONSTRUCTION, A.J.V.,**
**Plaintiff–Appellant–Cross Respondent,**

v.

**STATE of Idaho, By the IDAHO TRANSPORTATION BOARD,**
**Defendant–Respondent–Cross Appellant.**

**Nos. 18041 and 18042.**

Supreme Court of Idaho.

Sept. 6, 1990.

Anderson, Pike & Bush, Idaho Falls, for plaintiff-appellant-cross respondent. Edward W. Pike and Scott R. Hall argued.

Jim Jones, Atty. Gen., Robert L. Trabert, Deputy Atty. Gen. (argued), Boise, for respondent.

JOHNSON, Justice.

This is a government contract case. The primary issue presented is whether a contractor may recover against the state in quantum meruit for work performed pursuant to a contract that was void. We affirm the decision of the district court denying recovery in quantum meruit. We also hold that the state may not recover an amount paid to the contractor pursuant to an administrative determination that was not appealed by the state.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

J & J was the low bidder on a project for the construction of a bridge across the Snake River near Shelley, Idaho. Before the contract was signed, the state required that J & J agree to a change order as a condition of the award. The change order modified the time for completion of the project from 160 working days to a fixed date. J & J and the state signed the contract and the change order, and J & J commenced work on the bridge.

During the project, there were record-breaking low temperatures, snow-fall and high water in the area where the bridge was being constructed. J & J also encountered a different condition in the bedrock than had been represented by the state. J & J completed the bridge approximately six months after the fixed completion date provided in the change order.

The state paid J & J almost $60,000.00 more than the amount of J & J's bid. J & J filed a claim with the state contracting administrator seeking additional compensation for its work. In the alternative, J & J sought a determination that the contract was in violation of the statute for the let-

ting of contracts on highway projects to the low bidder, entitling J & J to recover in quantum meruit. The administrator denied the claim. J & J appealed to a hearing officer, who recommended that an additional $110,348.00 be paid to J & J. The Idaho Transportation Board (ITB) adopted the recommendation of the hearing officer, and the state paid J & J the additional $110,-348.00.

J & J appealed the decision of ITB to the district court. J & J also filed an independent action alleging that the contract was void, because it violated the statutes relating to competitive bidding on highway projects. J & J sought payment from the state in quantum meruit for the construction of the bridge.

In reviewing the administrative decision, the district court reversed the award of additional compensation to J & J by ITB on the ground that the contract was void and that the hearing officer lacked jurisdiction to determine the merits of J & J's claim. The district court granted summary judgment to the state in J & J's independent action on the grounds (1) that J & J was quasi-estopped and lacked standing to assert the voidness of the contract, or, in the alternative, (2) that J & J could not recover in quantum meruit because the contract was void. The district court also ruled that J & J was not required to return to the state the additional $110,348.00 that the state had paid pursuant to the decision of ITB. Both J & J and the state appealed.

## II.

A CONTRACTOR MAY NOT RECOVER IN QUANTUM MERUIT FOR WORK PERFORMED PURSUANT TO A GOVERNMENTAL CONTRACT THAT IS VOID BECAUSE IT WAS NOT ENTERED INTO PURSUANT TO COMPETITIVE BIDDING STATUTES.

■ J & J asserts that because the contract for the construction of the bridge was void, J & J should be permitted to recover in quantum meruit for the work performed. We disagree.

The principle is well established in this state that when a governmental contract is void, the contractor may not recover in quantum meruit. *Deer Creek Highway Dist. v. Doumecq Highway Dist.*, 37 Idaho 601, 607, 218 P. 371, 372 (1923); *Mittry v. Bonneville County*, 38 Idaho 306, 312, 222 P. 292, 293 (1923). The result is different when the contract is only voidable. *Village of Heyburn v. Security Sav. & Trust Co.*, 55 Idaho 732, 749, 49 P.2d 258, 266 (1935).

Here, J & J affirmatively alleged the voidness of the contract, but would have us allow them to recover in quantum meruit. J & J asks us to allow compensation for performance pursuant to a contract that violates competitive bidding statutes, even though we have denied compensation for performance pursuant to other void governmental contracts. We are not prepared to make this exception to the general rule.

In commenting on the purpose of competitive bidding statutes, this Court has said:

It was manifestly the purpose of the legislature, in enacting the [statutes], to procure competitive bidding for contracts for making public improvements ... and thereby to safeguard public funds and prevent favoritism, fraud and extravagance in their expenditure,....

*Seysler v. Mowery*, 29 Idaho 412, 416–17, 160 P. 262, 263 (1916). This evidences that there is a strong public policy against the enforcement of governmental contracts that violate competitive bidding laws. To allow recovery in quantum meruit for work performed pursuant to governmental contracts that violate competitive bidding statutes would emasculate this public policy. We can fulfill the purpose of these statutes only by applying the same rule to contracts that violate competitive bidding statutes that we apply in the case of other void governmental contracts.

## III.

THE STATE IS NOT ENTITLED TO RECOVER THE $110,348.00 PAID PURSUANT TO THE AWARD BY ITB, WHICH THE STATE DID NOT APPEAL.

■ The state asserts that it should be entitled to recover from J & J the $110,-

348.00 the state paid to J & J pursuant to the award of additional compensation by ITB. We disagree.

The state attempts to distinguish its right to recover this amount from its right to recover the other amounts it paid to J & J. The state contends that the $110,348.00 was paid involuntarily, while the other amounts were paid voluntarily. Although the $110,348.00 was paid by the state only after an award was made by ITB, the state did not appeal the award by requesting the district court to review the decision. It was J & J, not the state, that asked for review by the district court.

■ The doctrine of claim preclusion, or res judicata, applies to the effect of administrative decisions. *Blackburn v. Olson,* 69 Idaho 428, 433, 207 P.2d 1160, 1163–64 (1949); *Pence v. Idaho State Horse Racing Comm'n,* 109 Idaho 112, 115, 705 P.2d 1067, 1070 (Ct.App.1985). If J & J had not appealed the decision of ITB, the state could not have recovered the $110,348.00 after having paid it without challenge. We are unable to discern how the state can be in a different position merely because J & J challenged ITB's decision.

### IV.

### CONCLUSION.

We affirm the decisions of the district court.

Because of the mixed result, we award no costs. We award no attorney fees.

BAKES, C.J., BOYLE and McDEVITT, JJ., and MAY, J. Pro Tem., concur.