915 P.2d 1371

**Ron E. WELCH, Claimant–Respondent,**

v.

**DEL MONTE CORPORATION,
Employer, Defendant–
Respondent,**

and

**State of Idaho, Department of
Employment, Defendant–
Appellant.**

No. 21767.

Supreme Court of Idaho,
Boise, February 1996 Term.

May 3, 1996.

Alan G. Lance, Attorney General; Evelyn Thomas, Deputy Attorney General, Boise, for appellant, Department of Employment.

Ron E. Welch, Idaho Falls, pro se respondent.

SCHROEDER, Justice.

This is an appeal by the Idaho Department of Employment (the Department) from a decision of the Idaho Industrial Commission (the Commission) in which the Commission *sua sponte* reversed its previous decision denying claimant Ron E. Welch unemployment insurance benefits after the time to appeal the decision expired.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS.

Welch was employed by Del Monte Corporation (Del Monte) in Idaho Falls, Idaho, between October, 1979, and November 3, 1993. His primary position was that of warehouse laborer, but he also worked occasionally as a mill operator and lift-truck driver. Welch was assigned to feed canola seed into a cleaning machine.

Welch was discharged from his employment with Del Monte on November 3, 1993,

as a result of failure, on three occasions, to follow proper procedure to assure that seed was not contaminated. The first incident occurred on September 9, 1992, the second on November 18, 1992, and the last on October 27, 1993.

Welch filed a claim for unemployment insurance benefits following proceedings before a Department eligibility examiner and a redetermination examiner. A Department appeals examiner concluded that Welch was discharged for misconduct. Welch appealed this decision to the Commission and requested a hearing to present additional evidence.

The Commission conducted a *de novo* review of the record and issued its Decision and Order on April 18, 1994, denying Welch's request for an additional hearing and affirming the appeals examiner's decision. Welch filed a Motion for Reconsideration. On July 5, 1994, the Commission issued an order denying Welch's motion for reconsideration.

On August 24, 1994, the Commission issued a new order setting aside its July 5, 1994, order denying Welch's motion for reconsideration and stating that Welch's original motion was "under advisement." The Department filed motions requesting the Commission to withdraw the order. The Department predicated its motions for withdrawal on the provisions of subsections (g) and (k)(1) of Idaho Code section 72–1368.[1]

On September 29, 1994, the Commission denied the Department's motion to withdraw its August 24, 1994, order, basing the denial on its conclusion that it still had jurisdiction of the matter since there had been no appeal of the order entered July 5, 1994. The Commission analogized the situation "to the cor-

rection of an injustice as provided for in *Idaho Code,* Section 72–719(3) wherein the Commission on its own motion may correct a manifest injustice." The Commission concluded the order by stating: "Thus, upon issuance of another Order on Reconsideration, the case will be final for the purposes of the time to appeal."

On November 2, 1994, the Commission issued its Order on Reconsideration in which it reversed the decision of the appeals examiner. The Commission made its own findings of fact in the substituted order rather than adopting the appeals examiner's findings as it had done in its original Decision and Order. The Commission's findings did not contradict those of the appeals examiner, but were more detailed. The Commission concluded that Welch's conduct did not rise to the level of misconduct.

## II.

## THE COMMISSION DID NOT HAVE CONTINUING JURISDICTION OF WELCH'S CLAIM FOR UNEMPLOYMENT BENEFITS AFTER THE TIME FOR APPEAL HAD PASSED.

■ An administrative agency is a creature of statute, limited to the power and authority granted it by the Legislature and may not exercise its sub-legislative powers to modify, alter, or enlarge the legislative act which it administers. *Roberts v. Transportation Dep't,* 121 Idaho 727, 732, 827 P.2d 1178, 1183 (Ct.App.1991), *aff'd,* 121 Idaho 723, 827 P.2d 1174 (1992). An administrative tribunal exercises limited jurisdiction, and nothing is presumed in favor of its jurisdiction. *Wash-*

---

1. **Subsection (g) states, in relevant part:**
   ... A decision of the commission shall be final and conclusive as to all matters adjudicated by the commission upon filing the decision in the office of the commission; provided, within twenty (20) days from the date of filing the decision, any party may move for reconsideration of the decision or the commission may rehear or reconsider its decision on its own initiative, and in any such event the decision shall be final upon denial of a motion for rehearing or reconsideration or the filing of the decision on reconsideration. I.C. § 72–1368(g) (Supp.1995).
   **Subsection (k)(1) states:** Any right, fact, or matter in issue, directly based upon or necessarily

involved in a determination, redetermination, decision of the appeals examiner or decision of the commission which has become final, shall be conclusive for all the purposes of this act as between the interested parties who had notice of such determination, redetermination or decision. Subject to appeal proceedings and judicial review by the Supreme Court as set forth in this section, any determination, redetermination or decision as to rights to benefits shall be conclusive for all purposes of this act and shall not be subject to collateral attack irrespective of notice. I.C. § 72–1368(k)(1) (Supp.1995).

*ington Water Power Co. v. Kootenai Envtl. Alliance,* 99 Idaho 875, 879, 591 P.2d 122, 126 (1979).

■ There is no provision in the Employment Security Law for the Commission to set aside a final order on its own motion. Section 72–719(3)[2] of the Idaho Code, to which the Commission referred, does not give it the authority to set aside a final decision under the Employment Security Law. Section 72–719(3) is part of Idaho's comprehensive Worker's Compensation Law. There is no corresponding statute under Idaho's Employment Security Law.

This case is analogous to *Department of Employment v. Saint Alphonsus Hosp.,* 96 Idaho 470, 531 P.2d 232 (1975), in which the Commission granted the Department of Employment's motion for a rehearing despite the fact that section 72–1368(g) of the Employment Security Law did not include a provision for a rehearing of a Commission decision. 96 Idaho at 472, 531 P.2d at 234. The Court held that the Commission's rehearing was a nullity and did not stay the effective date of its earlier decision for purposes of appeal. *Id.* The Court specifically noted that, while the Worker's Compensation Law, pursuant to section 72–718 of the Idaho Code, provided for a rehearing of a worker's compensation claim by the Commission, the absence of a similar provision under the Employment Security Law was evidence that the Legislature did not intend for the Commission to have similar authority regarding claims for unemployment insurance benefits. *Id.* at 471–72, 531 P.2d at 233–34.

■ The Commission does not have express statutory authority to rescind a prior order that has become final and conclusive for all purposes once the time for appeal to this Court has expired. The Court in *St. Alphonsus* held that the Commission's authority to rehear a worker's compensation decision pursuant to section 72–718 did not extend to it authority regarding unemployment insurance claims. *Id.* at 472, 531 P.2d

at 234. Similarly, the Commission's authority pursuant to section 72–719(3) to modify a worker's compensation award or agreement does not extend to the Commission's authority under the Employment Security Law. To the contrary, as the Court noted in *St. Alphonsus,* the existence of such a provision in the Worker's Compensation Law is evidence that the absence of a similar provision in the Employment Security Law is an express legislative omission. *Id.* at 471–72, 531 P.2d at 233–34.

In *Luskin v. Department of Employment,* 100 Idaho 584, 602 P.2d 947 (1979), this Court held that statutory requirements governing appeals under the Employment Security Act are mandatory and jurisdictional. 100 Idaho at 586, 602 P.2d at 949. In *Luskin,* the fact that a claimant lied to protect the status of his benefits award came to light in a hearing to determine whether or not he had been overpaid due to part-time employment. The appeals examiner concluded that he had not been overpaid but that he should be denied one week's benefits because he failed to report his status on time. Neither party appealed or contested this decision. *Id.* at 585, 602 P.2d at 948. Subsequently, the Department issued a new determination denying the claimant future benefits on the basis that he had withheld material information and made false statements in an effort to obtain benefits. *Id.* A new appeals examiner heard the issue and upheld the Department's determination, and the Commission likewise heard the matter and affirmed the denial of benefits. *Id.* In remanding the case back to the appeals examiner, the Court reasoned that, because section 72–1368(f) of the Idaho Code mandated that such additional evidence be considered by the original appeals examiner, the second appeals examiner and the Commission lacked jurisdiction to adjudicate the issue of Luskin's alleged fabrication. *Id.* at 585–86, 602 P.2d at 948–49.

2. **Section 72–719. Modification of awards and agreements—Grounds—Time within which made.—**

. . . .

(3) The Commission, on its own motion at any time within five (5) years of the date of the accident causing the injury or date of first manifestation of an occupational disease, may review a case in order to correct a manifest injustice.

Similarly, in *Striebeck v. Employment Sec. Agency,* 83 Idaho 531, 366 P.2d 589 (1961), this Court held that the statutory requirements governing the right of appeal under the Employment Security Law are mandatory and jurisdictional. 83 Idaho at 537, 366 P.2d at 592. The Court concluded that, because section 72–1368(d) of the Idaho Code expressly provided that a benefits claim redetermination shall become final unless an appeal is filed within 14 days of the date that notice of the decision is mailed, the appeals examiner and the Commission were without jurisdiction to hear the claimant's appeal beyond that time. *Id.* at 538, 366 P.2d at 593.[3]

In this case the Commission did not have jurisdiction to reconsider Welch's claim for unemployment benefits after the time for appeal passed on the final order denying benefits.

## III.

## THE COMMISSION'S DECISION AND ORDER OF APRIL 18, 1994, AND ORDER ON RECONSIDERATION OF JULY 5, 1994, ARE *RES JUDICATA* AS TO WELCH'S CLAIM FOR UNEMPLOYMENT BENEFITS.

■ This Court has held that the doctrine of *res judicata* applies to the effect of administrative decisions. *J & J Contractors/O.T. Davis v. State,* 118 Idaho 535, 537, 797 P.2d 1383, 1385 (1990); *Blackburn v. Olson,* 69 Idaho 428, 433, 207 P.2d 1160, 1163 (1949). This Court has also applied the doctrine of *res judicata* to unemployment-insurance decisions of the Department of Employment and the Industrial Commission. *Madsen v. Idaho Dep't of Transp.,* 115 Idaho 1132, 1133, 772 P.2d 1226, 1227 (1989).

Section 72–1368(g) of the Idaho Code mandates that a decision of the Commission shall be final and conclusive as to all matters adjudicated by the Commission upon the filing of the decision in the Commission's office,

unless a party files a motion for reconsideration of the decision or the Commission rehears or reconsiders its decision on its own initiative within 20 days of the date the decision is filed. In any event, the decision shall be final upon denial of a motion for rehearing or reconsideration or the filing of the Commission's decision on reconsideration. I.C. § 72–1368(g). If no timely appeal is then made to this Court, section 72–1368(k)(1) of the Idaho Code provides that any right, fact, or matter in issue involved in a decision by the Commission which has become final shall be conclusive for all the purposes of the Employment Security Law as between the interested parties who had notice of such decision. I.C. § 72–1368(k)(1). In order to be timely an appeal to this Court must be filed within 42 days of the filing date of the appealed decision. I.C. § 72–1368(i) (Supp. 1995); I.A.R. 14(b) (1995).

The Commission's April 18, 1994, Decision and Order and its July 5, 1994, Order on Motion for Reconsideration were both designated final orders. No motion for reconsideration or appeal to this Court was filed during the 50-day interim between the issuance of the Commission's July 5, 1994, order denying Welch's Motion for Reconsideration and the Commission's August 24, 1994, order purporting to set aside the July 5, 1994, order. Therefore, pursuant to section 72–1368(k)(1), the Findings of Fact and Conclusions of Law contained in the Commission's April 18, 1994, Decision and Order and its July 5, 1994, Order on Motion for Reconsideration are conclusive for all purposes of the Employment Security Act.

The Commission lacked jurisdiction to reconsider its April 18, 1994, Decision and Order and its July 5, 1994, Order on Motion for Reconsideration once the time for an appeal to this Court expired. The findings of fact and conclusions of law contained in those orders are conclusive and preclude further adjudication of those facts and issues.

---

3. Two cases which might appear to recognize authority in the Commission to rehear or reconsider a matter as procedural rather than jurisdictional, are *Lay v. Idaho State School & Colony,* 64 Idaho 455, 133 P.2d 923 (1943), and *Dehlin v. Shuck,* 63 Idaho 620, 124 P.2d 244 (1942). Those cases are distinguishable from the facts

presented here, however, because in both cases the Commission acted within its statutory authority to exercise its investigative powers and the time for appeal to this Court had not expired. *Lay,* 64 Idaho at 462, 133 P.2d at 926; *Dehlin,* 63 Idaho at 629–30, 124 P.2d at 247–48.

## IV.

### CONCLUSION

The order issued by the Commission on August 24, 1994, setting aside the July 5, 1994, order denying Welch's motion for reconsideration, the order of September 29, 1994, denying the Department's motion to withdraw its August 24, 1994, order, and the November 2, 1994, order on reconsideration allowing Welch unemployment benefits are vacated. The case is remanded to the Commission for proceedings consistent with this opinion. Since the Department appeared unopposed in this matter on appeal, no costs are awarded.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.