

# FILED

**NOT FOR PUBLICATION**

MAR 01 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRANSPORT TRUCK & TRAILER, INC., | No. 08-35855 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 1:06-cv-00282-BLW |
| and | |
| TRANSPORT EQUIPMENT LEASING, LLC, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| FREIGHTLINER, LLC, | |
| Defendant-counter-claimant - Appellee. | |

| | |
|---|---|
| TRANSPORT EQUIPMENT LEASING LLC, | No. 08-35894 |
| Plaintiff, | D.C. No. 1:06-cv-00282-BLW |
| and | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TRANSPORT TRUCK & TRAILER, INC.; et al.,

          Plaintiffs-counter-defendants - Appellees,

  v.

FREIGHTLINER, LLC,

          Defendant-counter-claimant - Appellant.

---

TRANSPORT TRUCK & TRAILER, INC.,

          Plaintiff-counter-defendant - Appellee,

  v.

FREIGHTLINER, LLC,

          Defendant-counter-claimant-plaintiff - Appellant,

  v.

WILLARD W. HOWELL,

          Defendant-counter-claimant - Appellee.

No. 09-35169

D.C. No. 1:06-cv-00282-BLW

Appeal from the United States District Court

for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted January 13, 2010
Seattle, Washington

Before: KLEINFELD and TALLMAN, Circuit Judges, and SETTLE,*** District Judge.

We affirm the district court's grant of summary judgment for defendant Freightliner, LLC, on Transport Truck & Trailer, Inc.'s claims, and for defendant Transport Truck on Freightliner's counterclaims, and its decision not to award attorneys' fees to either side.

**1. Preclusive effect of state administrative agency findings**.

The district court applied issue preclusion to bar relitigation of factual findings made by the state agency during the administrative proceeding. We review <u>de novo</u> the district court's determination that collateral estoppel is available. <u>Miller v. County of Santa Cruz</u>, 39 F.3d 1030, 1032 (9th Cir. 1994) (citations omitted). Where "collateral estoppel is available, we review for abuse of discretion the district court's decision to give preclusive effect to the agency decision." <u>Id.</u> (citation omitted).

_____

*** The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

3

We affirm the district court's determination that Transport Truck was precluded from relitigating the issues that were finally determined by the Idaho Department of Transportation in its administrative hearing on the franchise termination. The record reflects that Transport Truck had a full and fair opportunity to litigate the issues before the state administrative agency, and that the state administrative proceedings met the requirements of fairness set forth in United States v. Utah Construction & Mining Company, 384 U.S. 394, 422 (1966). Idaho state courts apply res judicata to issues and claims determined by Idaho administrative agencies. See J & J Contractors v. Idaho Transp. Bd., 797 P.2d 1383, 1385 (Idaho 1990) ("The doctrine of claim preclusion, or res judicata, applies to the effect of administrative decisions.") (citations omitted); see also Ticor Title Co. v. Stanion, 157 P.3d 613, 617 (Idaho 2007) ("The doctrine of *res judicata* covers both claim preclusion (true *res judicata*) and issue preclusion (*collateral estoppel*).") (citation omitted). Thus, application of issue preclusion is available and appropriate. The district court did not abuse its discretion in giving the state agency's decision preclusive effect. Miller, 39 F.3d at 1032 (citing University of Tennessee v. Elliot, 478 U.S. 788, 797-99 (1986)); see also Misischia v. Pirie, 60 F.3d 626, 629 (9th Cir. 1995).

4

**2. Summary Judgment on Transport Truck's Claims**

We review de novo the district court's grant of summary judgment. Carmen v. S. F. Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001). We affirm the district court's grant of summary judgment in favor of Freightliner on each of Transport Truck's claims.

Transport Truck failed to present sufficient evidence supporting its claim for breach of the implied covenant of good faith and fair dealing beyond what had already been presented in the four-day hearing before the state agency's hearing officer. The hearing officer had already considered the evidence and relevant factors and found that Freightliner had not acted in bad faith. Because the issues presented had already been litigated and determined against Transport Truck, and Transport Truck had failed to present additional evidence, Transport Truck did not show that there was a genuine issue of material fact preventing summary judgment in favor of Freightliner.

Transport Truck contends that it raised questions of material fact concerning whether Freightliner interfered with Transport Truck's negotiations in 2003 for its sale to the Papé Group, and thus should go to trial on its claim of intentional interference with prospective economic gain. But Transport Truck's Second Amended Complaint does not mention the 2003 negotiations with the Papé Group

5

with which Freightliner allegedly interfered, and thus did not put the defendant on notice of that claim. Because the claim was not pleaded, it does not prevent summary judgment.

Transport Truck did not establish a genuine issue of material fact on its claim arising out of the new Freightliner dealership hiring some of Transport Truck's former employees. It demonstrated neither that the conduct, an announcement in the newspaper, was tortious, nor that damages were proximately caused by interference with Transport Truck's employment contracts. For a tortious interference with contractual relations claim, Idaho law requires knowledge by the interfering party of the existence of the contract or prospective economic advantage, intentional interference without justification, causation, and damages. Idaho First Nat'l Bank v. Bliss Valley Foods, Inc., 824 P.2d 841, 858-59 (Idaho 1991).

### 3. Summary Judgment on Freighliner's Counterclaims

Freightliner's counterclaims are barred by the limitation of remedies clause in the parties' contract, which expressly prohibits "consequential damages . . . such as lost profits." Termination of the franchise agreement is the remedy for breach contracted for by the parties, and Freightliner has already terminated it.

**4. Attorneys' Fees**

We review for abuse of discretion a district court's award of attorneys' fees under state law. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 898 (9th Cir. 2006). We review de novo whether a state statute permits attorneys fees. See O'Hara v. Teamsters Union Local No. 856, 151 F.3d 1152, 1157 (9th Cir. 1998).

Idaho Code § 12-120(3) allows for the reasonable award of attorneys' fees to the prevailing party in any action to recover on a contract. Idaho Code § 12-120(3); City of McCall v. Buxton, 201 P.3d 629, 638 (Idaho 2009). Because this case arises out of a dispute over the obligations inherent in the franchise contract between Transport Truck and Freightliner, Idaho Code §12-120(3) applies and fees may be awarded to the prevailing party.

Although prevailing party fees were available under Idaho law, the district court did not abuse its discretion by finding that there was no prevailing party in the litigation. Under Idaho law, the district court has discretion to determine which party prevailed in the litigation. Shore v. Peterson, 204 P.3d 1114, 1125 (Idaho 2009). The court considers three principal factors in determining which party, if any, prevailed: "(1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and

(3) the extent to which each of the parties prevailed on each of the claims or issues." Nguyen v. Bui, 191 P.3d 1107, 1112 (Idaho App. 2008) (interpreting Idaho R. Civ. P. 54(d)(1)(B)).  Moreover, "[w]hen both parties are partially successful, however, it is within the court's discretion to decline an award of attorney fees to either side." Shore, 204 P.3d at 1125 (citing Israel v. Leachman, 72 P.3d 864, 867 (Idaho 2003)).  In determining whether a trial court abused its discretion, Idaho appellate courts consider "whether the trial court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of this discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." Id. at 1126.

The district court did not abuse its discretion in declining to award attorneys' fees to either side.  First, it identified the issue as one within its discretion.  Second, it acted within Idaho law by declining to award attorneys' fees to either side where both parties had been partially successful (and partially unsuccessful).  Finally, it gave clear reasons for deciding not to award fees.  In particular, the district court examined the alleged respective "values" of the claims and counterclaims and compared them.  Because both sides lost their claims and no

8

damages were awarded to either side, the district court found that this comparison was unhelpful in determining which party was the "prevailing" party.

Because the district court properly applied state law in reaching its decision on attorneys' fees, the district court did not abuse its discretion in refusing to award attorneys' fees to either side.

AFFIRMED.