560 P.2d 1312

**DEPARTMENT OF EMPLOYMENT,
State of Idaho, Plaintiff-Respondent,**

v.

**Robert L. DRINKARD,
Defendant-Appellant.**

**No. 12164.**

Supreme Court of Idaho.

Feb. 3, 1977.

Rehearing Denied March 25, 1977.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Paul J. Papak, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Donald L. Harris, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

The Industrial Commission held itself to be without jurisdiction to entertain appellant Drinkard's appeal to it from a Department of Employment final decision adverse to Drinkard. The Commission concluded that Drinkard's claim for review was filed beyond the 14-day jurisdictional limit mandated by I.C. § 72–1368(f). We hold that the claim for review was timely filed.

The Department of Employment (Department) determined, after investigation by its Status Examiner, that Drinkard was a "covered employer" (I.C. § 72–1315) for unemployment insurance purposes, and that he was thus required to file quarterly reports and pay an employer's contribution. Drinkard appealed this determination within the Department to an Appeals Examiner. The Appeals Examiner issued a decision affirming the earlier determination.

The decision of the Appeals Examiner is a written document. Above the signature of the Appeals Examiner the following appears: "Dated at Boise, Idaho, this 9th day of July, 1975." The top half of the first page of the decision is a standard printed form used by the Department to inform as to further appeal rights and procedures. This form reads, as follows:

> THIS DECISION WILL BECOME FINAL FOURTEEN (14) DAYS FROM THE DATE OF MAILING UNLESS A REQUEST FOR REVIEW IS FILED WITH THE INDUSTRIAL COMMISSION WITHIN THAT TIME. A REQUEST FOR REVIEW MAY BE FILED IN LETTER FORM OR ON FORMS OBTAINED FROM A REPRESENTATIVE OF YOUR LOCAL EMPLOYMENT OFFICE, OR BY WRITING TO THIS OFFICE, ATTENTION OF THE APPEALS EXAMINER. A STATEMENT MUST BE MADE SETTING FORTH THE REASONS WHY YOU FEEL THE DECISION IS IN ERROR.
> DECISION MAILED DECISION FINAL

The two dates on the last line were inserted by typewriter, respectively, mailed: 7–8–75; final: 7–22–75. The decision went to Drinkard by certified mail, no return receipt requested; that he received it is not questioned.

The Commission made findings, in substance these: Drinkard went to a Department office to make his claim for review, but was dissuaded from doing so and advised to write out his claim for review and mail it to the Department; a Department employee gave Drinkard a pre-addressed envelope, addressed to the Department; Drinkard's letter appealing the decision of the Appeals Examiner is dated July 21, 1975; the envelope transmitting the letter is postmarked July 23; Drinkard's letter was stamped as received by the Department's division of appeals on July 24; that the decision of the Appeals Examiner was mailed to Drinkard on July 8, 1975. On the basis of this last finding it concluded that the decision was "served" on Drinkard on July 8. I.C. § 72–1368(e).[1] The Commission concluded that it was without jurisdiction because his claim for review was not "filed" until July 24, more than 14 days after the decision was "served" on him. I.C. § 72–1368(f).[2]

---

[1] I.C. § 72–1368(e) provides in pertinent part: "For purposes of this section, a notice shall be deemed served if delivered to the person being served or if mailed to his last known address; service by mail shall be deemed complete on the date of mailing."

[2] I.C. § 72–1368(f) provides in pertinent part: ". . . the appeals examiner . . . shall notify the interested parties of his decision by serving notice in the same manner as provided in subsection (e) above. . . . Unless an interested party shall within fourteen

The Commission disposed of the conflict in the dates of mailing, July 8, of a decision dated July 9, as "obviously a typographical error." However, on an alternative assumption that service of the decision on Drinkard was not effective until July 9, the Commission concluded that the claim for review would still be untimely since it was not "filed" until July 24, 15 days after the date of service of the decision. Citing our decision that the 14-day appeal period is jurisdictional, *Fouste v. Dept. of Employment*, 97 Idaho 162, 540 P.2d 1341 (1975), the Commission dismissed the appeal.

On this appeal appellant contends that his claim for review was filed within the fourteen (14) days provided by I.C. § 72–1368(f). Our first concern is the date on which the decision of the Appeals Examiner was effectively served on Drinkard; our second is with the date of filing the claim for review.

■ The Commission finding that the decision was mailed on July 8 is supported by substantial though circumstantial evidence, and will not be disturbed. *Totusek v. Department of Employment*, 96 Idaho 699, 535 P.2d 672 (1975); *Levesque v. Hi-Boy Meats, Inc.*, 95 Idaho 808, 520 P.2d 549 (1974); *Toland v. Schneider*, 94 Idaho 556, 494 P.2d 154 (1972).

■ We face the further question as to the legal effect of service on July 8 of a decision rendered on July 9. The finding of a typographical error is not supported by any evidence. It is more reasonable to believe that efficient office personnel mailed out the decision before being instructed to do so, and that the Appeals Examiner intended the decision to go out on the 9th. If any clerical error was made, it was the province of the Appeals Examiner, not of the Commission or this Court, to take steps to correct it. The record shows no action by the Appeals Examiner in this respect, nor did he testify to any clerical error. We hold that although the decision was mailed before its effective date of July 9, such

service could not activate the running of the 14-day appeal period any sooner than the date the decision was rendered, as appears on the face of the decision itself. *Cf. Backstrom v. New York Life Insurance Co.*, 187 Minn. 35, 244 N.W. 64 (1932); *Grimes v. City of Cleveland*, 17 Ohio Misc. 193, 243 N.E.2d 777 (C.P. 1969).

We are unable, as a matter of law, to agree with the Commission's conclusion that the claim for review was not filed until July 24, the date of its physical receipt at an office of the Department. The requirement a claim for review be *filed* with the Commission is not further explained in the Employment Security Law, although the term "service" is defined in I.C. § 72–1368(e). The Commission agreed with a Department contention, that the term "file" as used throughout I.C. § 72–1368 means something different from "service," and that because service is defined to include deposit of notice in the mail, "filing" must mean physical receipt, for instance, as required by I.R.C.P. 5(e).

As we see it, the Department has by its own regulations settled the issue. As mentioned, I.C. § 72–1368(f) does not define "file"; however, a cognate provision, I.C. § 72–1368(d), provides that:

"A request for redetermination may be filed by an interested party and shall be filed in accordance with such rules and regulations as may be prescribed by the director. . . . A redetermination shall become final unless, within fourteen (14) days after notice, as provided in subsection (e) following, an appeal is filed by an interested party with the department of employment *in accordance with such rules and regulations as may be prescribed by the director.*" (Emphasis added.)

Pursuant to this authority the director has promulgated Department of Employment Regulations (effective September 14, 1973), which provide, in pertinent part:

(14) days after service of the decision of the appeals examiner file with the board a claim for review or unless an application or motion is

made for a rehearing of such decision, the decision of the appeals examiner shall become final."

"ARTICLE V—APPEALS REGULATIONS

"1. Request for Hearing. ·

A. Form for Filing—(1) . . . The request for hearing may be delivered for filing to the local office where the claimant last reported for continuation of his claim for benefits, or to the Department of Employment, Administrative Office, Boise, Idaho. The date of such delivery shall be noted on the request for hearing. *In such cases, the request for hearing shall be deemed filed on the date of mailing to said local office or the Boise office of the Appeals Examiner, as determined by the postmark on said request.*

. . . . .

"5. Claims for Review.

A. *A claim for review* of the Appeals Examiner's decision, as *provided in Section 72–1368* of the Employment Security Law, *shall be* made on the form prescribed by the Board for such purpose, signed by the person claiming the review or by his attorney or agent, and *filed with the Board.*

B. *The time and manner of filing a claim for review*, with respect to those interested parties provided for in Section 1A of Article V of these regulations, *shall be governed by the provisions of Section 1A of Article V*, the necessary changes and substitutions therein having been made." (Emphasis added.)

 Under the Department's own regulations, then, the date of the postmark on a claim for review is deemed to be the date of its filing with the Commission. Drinkard's claim for review was postmarked July 23. We hold that it was therefore filed on that date. The claim for review, being within the 14-day period, was timely, and conferred jurisdiction upon the Commission.

The order of the Industrial Commission dismissing Drinkard's appeal and claim for review is reversed and the case is remanded for further proceedings. Costs to appellant.

McFADDEN, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.