779 P.2d 402

**In re Fred DOMINY, Jr., Marshall T. Winn, IV.**

**"Dick" HILL, Employer Acct. # 0001326430, Employer–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Respondent.**

**No. 17741.**

Supreme Court of Idaho.

Aug. 16, 1989.

---

\* Editor's note: The additional paragraph has     been inserted in the original opinion.

Walker & Lindquist, Weiser, for employer-appellant. Lary C. Walker, argued.

Jim Jones, Atty. Gen. and Laura B. Arment, Deputy Atty. Gen., Boise, for respondent. Laura B. Arment, argued.

JOHNSON, Justice.

This is an unemployment insurance case. The issue presented is whether an appeal from a status determination was timely, although it was postmarked more than fourteen days after the determination was mailed to the employer. We affirm the order of the Industrial Commission, which affirmed the decision of an appeals examiner that the appeal was not timely.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Two truck drivers filed claims for unemployment compensation alleging that Hill was their employer. Hill contended that they were independent contractors. The Department of Employment (D.O.E.) made a status determination that the truck drivers were performing service for Hill in "covered employment" for unemployment insurance purposes. This status determination was mailed to Hill on March 31, 1987. It contained the following statement:

> This determination of liability will become final and conclusive within fourteen (14) days of the date of this letter unless a written request for an appeal hearing is filed within that time.

On April 24, 1987, the D.O.E. office in Boise received a request for an appeals hearing from Hill's attorney. The letter containing this request was addressed to the D.O.E. office in Boise and was dated April 10, 1987. It was postmarked in Boise on April 23, 1987.

When the matter was presented to an appeals examiner of D.O.E., affidavits of Hill, his attorney, the attorney's secretary and the postmaster of Weiser, Idaho were presented by Hill. These affidavits indicated that Hill had met with his attorney in the attorney's office in Weiser on April 10, 1987. At that time Hill and his attorney prepared a request for an appeals hearing. The attorney's secretary stated in her affidavit that she did not specifically recall mailing the letter, but that it was the policy and practice of the attorney's office that when correspondence had been signed, it was immediately placed in an envelope, stamped and put in the office mail, which was then delivered to the Weiser post office on the same day. The secretary stated in her affidavit that to the best of her knowledge the request for an appeals hearing was prepared and delivered to the Weiser post office on the date it was prepared. The postmaster stated in his affidavit that a letter deposited in the Weiser post office addressed to Boise would be routed to Boise, where "it would then be stamped as received there and then be forwarded on to the appropriate address."

The appeals examiner ruled that the request for an appeals hearing was not timely, citing I.C. § 72-1353 (1973) and Rule 06.012 of the D.O.E. Rules. Hill appealed this decision to the Commission. The Commission affirmed the decision of the appeals examiner, and Hill appealed to this Court.

## II.

### HILL'S REQUEST FOR AN APPEALS HEARING WAS NOT TIMELY.

Hill asserts that his request for an appeals hearing was timely, since it was

mailed within fourteen days after the status determination was mailed to him. We disagree.

I.C. § 72–1353 provides:

**Administrative determinations of coverage.**—The director [of D.O.E.] may, upon his own motion or upon application of any employer, make findings of fact and on the basis thereof, a determination with respect to whether such employer is a covered employer and whether service performed for or in connection with the business of such employer constitutes covered employment. A determination shall become final unless, within fourteen (14) days after notice, an appeal is filed with the employment security agency setting forth the grounds for such appeal. Proceedings on appeal shall be had in accordance with the provisions of section 72–1361 of this act.

Rule 06.012 of the D.O.E. Rules provides: An appeal shall be in writing, signed by an interested party or representative, and shall contain words that, by fair interpretation, request the appeal process for a specific determination, redetermination or decision of the Department. The appeal may be filed by delivering it to any Job Service office or to the Appeals Bureau of the Department, 317 Main Street, Boise, Idaho. The date of personal delivery shall be noted on the appeal and shall be deemed the date of filing. An appeal may also be filed by mailing it to any Job Service office or to the Appeals Bureau, Department of Employment, Box 35, Boise, Idaho 83735. If mailed, the appeal shall be deemed to be filed on the date of mailing as determined by the postmark on the request.

This Court has previously held that the statutory requirements governing the right of appeal under the Employment Security Law are mandatory and jurisdictional. *Striebeck v. Employment Security Agency,* 83 Idaho 531, 537, 366 P.2d 589, 592 (1961); *Fouste v. Department of Employment,* 97 Idaho 162, 168, 540 P.2d 1341, 1347 (1975). In *Department of Employment v. Drinkard,* 98 Idaho 222, 560 P.2d 1312 (1977), this Court held that under a predecessor of Rule 06.012 the timeliness of an appeal was determined by the postmark on the request. The rule that was at issue in *Drinkard* stated that "the request for hearing shall be deemed filed on the date of mailing to [the] local office or the Boise office of the Appeals Examiner, as determined by the postmark on said request." *Id.* at 225, 560 P.2d at 1315.

Here, it is clear that the request for an appeals hearing was not postmarked until nine days after the expiration of the fourteen-day period for filing an appeal. In *Striebeck* this Court said that the word "deemed" is interpreted "as creating a conclusive presumption." D.O.E. Rule 06.012 states that if an appeal is mailed it "shall be deemed to be filed on the date of mailing as determined by the postmark on the request." The conclusive presumption that arose from the postmark on Hill's request for an appeals hearing cannot be overcome by evidence that the request was mailed earlier.

Hill would have us apply the provisions of I.C. § 72–1368(e) (Supp.1988) to the facts here. Under that section, service by mail is deemed complete on the date of mailing. However, I.C. § 72–1368(e) deals with service of notice of determinations and redeterminations by D.O.E., not appeals by interested parties. Hill points out that I.C. § 72–1361 provides that upon appeal from a determination of coverage, the conduct of the hearings and appeal procedures is governed by the provisions of I.C. § 72–1368(f), (g), (h) and (i). He argues that since I.C. § 72–1368(f) incorporates the provisions for service contained in I.C. § 72–1368(e), an appeal of a determination of coverage should be deemed complete on the date of mailing. The fallacy in this argument is that I.C. § 72–1368(f) refers to I.C. § 72–1368(e) only in terms of an appeals examiner serving notice of his decision. There is no indication in either I.C. § 72–1368(e) or (f) that the service by mail provisions referred to there were intended to apply to appeals. It is clear from reading these provisions that they apply only to notices served on interested parties of de-

terminations, redetermination and decisions of appeals examiners.

### III.

### CONCLUSION.

We affirm the order of the Commission, which affirmed the decision of the appeals examiner that Hill's appeal was not timely.

We award costs to respondent.

BAKES, C.J., concurs.

SHEPARD, J., sat, but did not participate in the opinion due to his untimely death.

HUNTLEY *, Justice, concurring specially.

I concur in the result. I object to a series of statutes and regulations which set up a conclusive presumption deeming something to be true which is not true.

I speak of the presumption that the date of the postmark is the same as the date of mailing. Such may have been true at one time, but this record establishes that letters mailed in Weiser do not get postmarked until after transportation to Boise which may on occasion be a day or two later.

The Department should change its regulations to comport with the real life situation instead of setting a trap for the unwary. That is, the regulations should require either physical filing in Boise or filing by registered mail. The date of the registration would in fact be the date of mailing.

I concur in the result only because there is no adequate explanation in this case as to why, if the letter were truly mailed in Weiser on April 10th, it was not postmarked until April 23rd in Boise.

BISTLINE, Justice, dissenting.

Justice Huntley's special concurrence, but for the fact that it is a special concurrence rather than a dissent, says exactly what needs to be said. I concur fully with the first three paragraphs. As to his final paragraph, I submit that there is almost never an explanation forthcoming from the postal department as to why the United States mail does not go through. On occasions it has been explained as being due to a vehicle collision, a train derailment, or an aircraft crash. The fact is, however, the ordinary person of a necessity is obliged to leave to the postal department whether there is an explanation, and whether the explanation will be provided. But, even were there a valid explanation provided in this case, it would serve only to satisfy Justice Huntley's curiosity. It would not one whit the DOE's stance alter.

What we have before us is nothing but a confrontation between an agency-promulgated rule versus human and humane understanding. We see demonstrated a no-yield policy for which there appears to be no valid reason. We see a rule which turns out to be a trap for the unwary. The best that can be said of this case, if given sufficient publicity, is that it may forestall a second such case. The worst of this case is that a rule for a rule's sake serves no laudable purpose.

Being a reasonably well-experienced lawyer and jurist, I am startled to be made aware in this manner that the DOE's own regulations allow the DOE to preclude a taxed citizen of this state from pursuing such remedies as have otherwise been made available. I am startled, and at the same time disturbed, to ascertain that the DOE's rules are far less susceptible to forgiveness than the Ten Commandments. Moreover, the latter *are* well publicized, whereas the DOE's rules are "published," but not in newspapers. The larger question is why does the DOE have a rule which is so poorly thought out as the one this day employed to deprive Mr. Hill of his right to pursue his appeal, an appeal which could possibly avoid what might be a miscarriage of justice?

I am even-handed in being somewhat critical of the DOE. About six weeks ago this

---

* HUNTLEY, J., concurred in the result and specially concurred prior to his resignation August 7, 1989.

Court dismissed as untimely an appeal where an attorney in Idaho Falls justifiably believed that his notice of appeal had been mailed with a substantial amount of lee time—something like five days—for transmission from Idaho Falls to Pocatello, a distance of approximately forty-nine miles. This Court's rule states that the appeal is not perfected until the written notice of appeal has been physically filed with the clerk of the district court within forty-two days after entry of the challenged judgment, order, or decree. The Court's rule, however, was not bent to accommodate the attendant circumstances which, as I understand it, were that mail deposited with the postal department in Idaho Falls is trucked from Idaho Falls to Pocatello, and on arrival is *not* delivered by postal authorities to the addressee, but accumulates at the Pocatello post office until someone from the Bannock County Courthouse picks it up. That was just as wrong as what we see today. If the Court had promulgated the "Postmark Rule," in all likelihood there is no more postmarking of mail in Idaho Falls than in Weiser. In my book of rules, in both situations there is no sound reason for not opening the door to valid explanation. It is much doubted that anyone on the Court knows whether mail is postmarked in Idaho Falls or why it is trucked from Idaho Falls to Pocatello.

Four years ago in a somewhat similar situation this Court did relax its rule on filing appeals within forty-two days. In *Carter v. State,* 108 Idaho 788, 702 P.2d 826 (1985), the notice of appeal was filed on the forty-ninth day. A statute allowed sixty days; the court's rule allowed forty-two days. The attorney general's office moved the Court to dismiss the appeal. We allowed the appeal "in the interests of justice." 108 Idaho at 791, 702 P.2d at 829. Use of the Lindberg "we" is overly inclusive because "we" consisted of only three votes, with Justice Bakes strongly dissenting and Justice McFadden joining him; Justice McFadden also dissented rather strongly with Justice Bakes joining.

In this DOE case we have sworn testimony that the appeal was taken to the Weiser post office, and we now know that the reason why it was not postmarked at Weiser was because no mail is postmarked at Weiser. One member of the Court states that no deposited mail is postmarked at Moscow, Idaho, but rather it is trucked to Spokane, Washington, for postmarking. This was news to me, notwithstanding that our Boise post office box has been receiving two or three letters a week from Moscow for several years. Who ever thinks to look at a postmark?

And whoever happened to know of the DOE's rule which strangely selected the happenstance of date of postmark as the date of filing? Ten years ago I did, but soon forgot. In that case it was not used to keep an Idaho citizen from pursuing his rights, but to insure that he could do so.

The director of the Department of Employment is cloaked with the power and authority to adopt, amend, or rescind rules and regulations "as may be necessary for the proper administration of the Employment Security Law." I.C. § 72–1333. Strangely, rules are differentiated from regulations as to the manner in which the same are amended, adopted, or rescinded.[1] Under § 72–1334, the director is required to cause to be printed for distribution to the public his (her) rules and regulations. Idaho Code § 67–5205 is an interesting little-noticed provision which declares that the word *publish* "shall *not* be construed to require publication in a newspaper." It is said therein to mean "to bring before the public, to print or cause to be printed, to issue, to disseminate, to put into circulation." Idaho Code § 67–5207 provides for challenging *the validity or applicability* of a rule which any of the state agencies or departments have promulgated where the rule interferes with or impairs legal rights or privileges. In the instant case we clearly see a rule of doubtful parentage which, if applied in an unbending manner, definitely impairs Mr. Hill's right to pursue an

---

1. As an historical footnote, it is noted that the 1947 act provided that the Board (now the In-

dustrial Commission) would prescribe the rules and regulations for application in the DOE.

appeal of the DOE's ruling against him. In fact, it has destroyed that right.

Idaho Code § 67–5216 provides Mr. Hill, or any person or party similarly aggrieved by the rule of any state agency or department, with the right of obtaining review of any final judgment by appealing to this Supreme Court. We have such an appeal before us, and clearly we are not only empowered but required to pass upon the applicability and validity of the "Postmark Stamp Rule."

Preliminarily we should note that Mr. Hill is an interested party as defined by I.C. § 72–1323, which provides:

> **Interested parties.**—The term 'interested party' with respect to a claim for benefits means the claimant, the claimant's last regular employer, the covered employer whose account is chargeable for experience rating purposes, the cost reimbursement employer who may be billed for any portion of benefits claimed, and the Director or a duly authorized representative of any of them; and 'interested party' with respect to proceedings involving employer liability means the employer and the Director or a duly authorized representative of either of them.

Likewise, as a reading of the above discloses, the DOE or its director are also interested parties. *See also,* I.C. § 72–1318.

Idaho Code § 72–1368(f) provides for hearings to be held by appeals examiners whose decisions become final "unless an interested party shall within fourteen (14) days after service of the decision of the appeals examiner file with the commission a claim for review or unless an application or motion is made for a rehearing ..."

In this case, however, the administrative proceeding had not progressed to a determination by the appeals examiner; rather it was the appeals examiner who terminated the procedure by ruling that Mr. Hill had not timely appealed. I.C. § 72–1353. The Commission upheld that determination, and hence the appeal to this Court. The Commission's action is understandable. In *Department of Employment v. Drinkard,* 98 Idaho 222, 560 P.2d 1312 (1977), this Court reversed a Commission holding to the effect that a claimant was one day late in perfecting his appeal to the Commission. That case could have been concluded by simply noting, as we did, that, although the decision was mailed before its effective date of July 9, such service [by mail] could not activate the running of the fourteen (14) day appeal period any sooner than the date the decision was rendered, as appears on the face of the decision itself. 98 Idaho at 224, 560 P.2d at 1314. *That* was the contested issue on the appeal. We also stated that the request for Commission review was "filed" with the Commission on July 23, which was based on observing the Department's regulations then in effect which provided:

ARTICLE V—APPEALS REGULATIONS

1. Request for Hearing.

A. Form for filing—(1) ... The request for hearing may be delivered for filing to the local office where the claimant last reported for continuation of his claim for benefits, or to the Department of Employment, Administrative Office, Boise, Idaho. The date of such delivery shall be noted on the request for hearing. *In such cases, the request for hearing shall be deemed filed on the date of mailing to said local office or the Boise office of the Appeals Examiner, as determined by the postmark on said request.*

5. Claims for Review.

A. *A claim for review* of the Appeals Examiner's decision, as provided in Section 72–1368 of the Employment Security Law, shall be made on the form prescribed by the Board for such purpose, signed by the person claiming the review or by his attorney or agent, and *filed with the Board.*

B. *The time and manner of filing a claim for review,* with respect to those interested parties, provided for in Section 1A of Article V of these regulations, *shall be governed by the provisions of Section 1A of Article V, **the necessary changes and substitutions therein having been made.***

*Drinkard*, 98 Idaho at 225, 560 P.2d at 1315. (Bold italics indicate emphasis in original; italics indicate emphasis supplied.) Accordingly, we stated that "under the Department's own regulations, then, the date of the postmark is deemed to be the date of its filing with the Commission." 98 Idaho at 225, 560 P.2d at 1315.

No issue was presented in *Drinkard* as to the legal effect of "deeming," nor was therein any concern as to meaning of the word. Black's Law Dictionary, 5th ed., is terse indeed:

**Deem.** To hold; consider; adjudge, believe, condemn, determine; treat as if; construe.

Webster's New Collegiate Dictionary (1977) is even more succinct:

**Deem.** To judge; to come to think or judge; hold; to have an opinion; believe.

The Department of Employment was formerly the Employment Security Agency, and generally known as such. Almost thirty years ago Justice Knudson in writing the Court's opinion in *Striebeck v. Employment Security Agency*, 83 Idaho 531, 366 P.2d 589 (1961), apparently felt required to give judicial meaning to the word "deemed" because it was used in I.C. § 72–1368(d) and (e). In subsection (d) the director's transfer of a request for redetermination to an appeals examiner was "deemed to constitute an appeal" from a claims examiner's determination. Subsection (e), more appropriate than (d) to our review of Mr. Hill's case, dealt with the Agency being required to give prompt notice to parties of all determinations and redeterminations. Pertinent here, subsection (e) provided, "For purposes of this section, a notice shall be deemed served if delivered to the person being served or if mailed to his last known address; service by mail shall be deemed complete on the date of mailing." *Striebeck*, 83 Idaho at 536, 366 P.2d at 591. Justice Knudson observed that which Webster's New International Dictionary, 2d ed., said of the word, and likewise Black's Law Dictionary, 4th ed., and proceeded to mention a then-recent case wherein the Idaho legislature had used "shall be deemed" in the context of a

student's claim for unemployment benefits while attending N.I.J.C. as a daytime student. The statute was I.C. § 72–1312(a), and the case was *Swanson v. Employment. Security Agency*, 81 Idaho 385, 342 P.2d 714 (1959). The holding in *Swanson* was that coupling the mandatory "shall" with "be deemed" resulted in declaring that the intent of the legislature was to create a conclusive presumption that could not be judicially amended, nor its meaning changed. 81 Idaho at 392, 342 P.2d at 718. *Striebeck* simply adhered to the teaching of *Swanson*.

Neither of those cases involved the proposition of a claimant saddled with the "postmark rule." Moreover, neither *Striebeck, Swanson*, nor *Drinkard* dealt with unequal treatment of the parties. It must be remembered that DOE is a party to the proceedings which we review. Armed with rule-making power, the DOE also sets up the rules under which the game will be played out.

In this regard the only criticism which should be directed at the Department is that, having been legislatively given the rule-making power which was originally placed with the Board [Commission], it apparently saw no reason to enact the same rule with which it was provided by the 1947 legislature, and what is now I.C. § 72–1368(e). This section requires that all of the interested parties be given prompt *service of notice* of all determinations and redeterminations. Then, as to service of notice, the statute reads, "For purposes of this section, a notice shall be deemed served if delivered to the person being served or if mailed to his last known address; service by mail shall be deemed complete on the date of mailing."

In my book of wrong and right, the 1947 legislature was not overly astute in not making that provision equally applicable to the other interested parties, instead of the DOE only. In turn, it was not very circumspect for the DOE to concoct its "postmark rule" *i.e.* 06.012 for application to all parties other than itself.

Clearly the postmark rule, which is not by the DOE made applicable to the DOE,

besides setting a trap, is unreasonable and unfair, and hence invalid. I would that the Court would so hold, and allow the Commission to proceed to hear the appeal. Where rule-making is concerned, and the Commission becomes involved, one is reminded that the Commission functions as a judicial body (*see* fn. 1, *supra*) in hearing appeals from the Department of Employment. I.C. § 72–508. It has thereunder the authority and obligations "to promulgate and adopt reasonable rules and regulations involving judicial matters." In that position it is superior to the DOE, and on appeals to it can insist, equally as strongly as can this Court, that DOE rules and regulations conform to being as equally *reasonable* as the legislature has required of the Commission.