Argued and submitted May 13, affirmed May 29, 1996

## 1000 FRIENDS OF OREGON,
*Respondent,*

*v.*

## COLUMBIA COUNTY,
*Respondent,*

*and*

## MCFARLAND CASCADE HOLDINGS,
*Petitioner.*

(95-084; CA A92656)

917 P2d 543

Michael C. Robinson argued the cause for petitioner. With him on the brief was Stoel Rives LLP.

John H. Nelson argued the cause for respondent 1000 Friends of Oregon. With him on the brief was Preston Gates & Ellis.

No appearance for respondent Columbia County.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner applied for and Columbia County granted a Goal 4 exception and comprehensive plan and zoning amendments to allow residential development in an extensive forestry area. 1000 Friends of Oregon (1000 Friends) appealed to LUBA. LUBA rejected petitioner's contention that it lacked jurisdiction and, in a thorough discussion, remanded the county's decision on the merits. Petitioner seeks our review, and challenges only LUBA's jurisdictional conclusion that 1000 Friends' appeal to it was timely. In connection with land use decisions of the kind in question, ORS 197.830(8) allows a 21-day period for taking an appeal to LUBA, beginning with the date the decision is mailed to those entitled to notice. Petitioner contends that the appeal was not filed within 21 days from the date the county mailed its decision to 1000 Friends.

The "notice of adoption" of the decision that the county provided the Department of Land Conservation and Development pursuant to ORS 197.615 shows a "date mailed" of April 12, 1995. However, the envelope in which the decision was sent to 1000 Friends bears a postage meter imprint showing the date of April 13.[1] 1000 Friends filed its notice of intent to appeal to LUBA 21 days after the latter date.

Petitioner argued to LUBA, and now argues to us, that we should construe ORS 197.830(8), as a matter of law, as meaning that the 21-day period for appealing to LUBA runs from the earlier date. Petitioner surmises that "[p]ostmarks or postage meter stamps can be applied on a later date and not reflect the date of mailing." While that is conceivably true, the converse is definitely true and is *far* more likely to occur: The mailing of a document obviously can take place on a day after it is prepared, and the meter stamp or postmark obviously can be affixed on that actual date of

---

[1] We assume, for sake of discussion only, the accuracy of petitioner's presupposition that the date shown on the document sent to the department *could have* any bearing on when the county's mailing to 1000 Friends was made. *See* ORS 197.615(1), (2).

mailing. In the absence of any demonstrated basis for believing that the county's mailing to 1000 Friends in fact occurred on an earlier date than the date shown on the envelope, LUBA was correct in holding that the notice of intent to appeal was timely.

Affirmed.