IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35651

| | | |
|---|---|---|
| **VERNON K. SMITH, JR.,** | ) | |
| | ) | **Boise, August 2009 Term** |
| Employer/Appellant, | ) | |
| v. | ) | **2009 Opinion No. 117** |
| | ) | |
| **IDAHO DEPARTMENT OF LABOR,** | ) | **Filed: October 1, 2009** |
| | ) | |
| Respondents. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is affirmed.

Vernon K. Smith Jr., Boise, for appellant.

Lawrence G. Wasden, Attorney General, Boise, for respondent. Cheryl George argued.

_____

W. Jones, Justice

## I. NATURE OF THE CASE

This case arises from the Idaho Department of Labor's (the Department's) determination that Vernon K. Smith (Smith) willfully failed to file a fourth quarter 2007 Idaho Employer's Quarterly Unemployment Insurance Tax Report. Smith appealed the Department's determination to the Appeals Examiner and the Appeals Examiner affirmed the Department. Smith appealed to the Industrial Commission (the Commission). The Commission determined Smith's appeal to be untimely. Smith appeals that determination to this Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Appeals Examiner affirmed the Department's decision assessing Smith's tax liability on May 1, 2008, and a written decision was issued to Smith stating that May 15, 2008, was the last day to appeal to the Commission. Smith sent a notice of appeal by mail and by facsimile. Smith sent the facsimile at 5:22 p.m. on May 15, 2008, and the Commission received Smith's appeal by mail on May 28, 2008. The envelope arrived with a private-postage-meter stamp

1

dated May 15, 2008, but also bore a U.S. Postal Service (USPS) backstamp from Watsontown, Pennsylvania, dated May 20, 2008.

Smith concedes that the facsimile was sent after the May 15 time limit because facsimiles are deemed to be received the following day if they arrive after 5:00 p.m.[1] However, Smith argues that the private-postage-meter stamp on the mailed appeal demonstrates that it was timely filed on May 15, 2008. This contention is supported by an affidavit from John M. Gibson, Smith's office manager, who stated that he sent the appeal by facsimile on May 15 and then put the appeal in an envelope, applied postage to the envelope with the private postage meter, and deposited the appeal in the mail by taking the envelope to the post office that same day. In his brief, Smith noted the anomalous nature of the Watsontown backstamp, stating that "[w]here such a mark came from on the reverse side of the envelope is both mystical and quite interesting, as the letter was being sent [from] Boise, Idaho, not Watsontown, PA."

The Department, however, contends that the Watsontown stamp is a "postmark," indicating that the USPS did not take custody of Smith's mailpiece until May 20, 2008, five days after the appeal deadline. The Commission held that Smith's appeal was not timely filed, and therefore dismissed Smith's appeal. Smith appeals that determination to this Court.

### III. ISSUES ON APPEAL

1. Whether the notice of appeal was timely served upon the Idaho Industrial Commission pursuant to I.C. §§ 72-1368(5), -1368(6).

2. Whether the Idaho Department of Labor is entitled to recover attorney's fees on appeal pursuant to I.C. § 12-117.

### IV. STANDARD OF REVIEW

When reviewing a decision of the Industrial Commission, this Court freely reviews questions of law. *Uhl v. Ballard Med. Prod., Inc.*, 138 Idaho, 653, 657, 67 P.3d 1265, 1269 (2003). This Court will not disturb findings of fact unless the findings are clearly erroneous. *Id*. Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. *Id*.

### V. ANALYSIS

**A. The Appeal Was Not Timely Served upon the Idaho Industrial Commission Pursuant to I.C. §§ 72-1368(5), -1368(6).**

---

[1] Rule 2(D)(3) of the Rules of Appellate Practice and Procedure under the Idaho Employment Security Law provides that, "An appeal transmitted by facsimile and received by the Commission on a weekend, holiday, or after 5:00 p.m. on a business day shall be deemed filed on the next business day."

2

Smith's basic argument is that the private postage meter mark dated May 15 is a postmark.

The Idaho Employment Security Law is codified at I.C. §§ 72-1301 to -1385. "The commission is authorized to hear and decide matters appealed to it in accordance with the provisions of this chapter . . . ." *Id.* § 72-1332. "The statutory requirements governing the right to appeal under the Employment Security Act are mandatory and jurisdictional." *Fouste v. Dep't of Employment*, 97 Idaho 162, 168, 540 P.2d 1341, 1347 (1975).[2] "Unless an interested party shall within fourteen (14) days after service of the decision of the appeals examiner file with the commission a claim for review or unless an application or motion is made for a rehearing of such decision, the decision of the appeals examiner shall become final." I.C. § 72-1368(6).

The Director of the Department is charged with administration of the Employment Security Law and "shall have the authority pursuant to [the Idaho Administrative Procedure Act] to adopt, amend, or rescind rules as he deems necessary for the proper performance of all duties imposed upon him by law." *Id.* §§ 72-1318, -1333(1)–(2). According to the Idaho Code, special rules govern appeals before the Commission:

> Appeal procedures shall be governed by the provisions of section 72-1368(6), (7), (8), (9) and (11), Idaho Code. . . . The provisions of the Idaho administrative procedure act . . . regarding contested cases and judicial review of contested cases are inapplicable to proceedings involving interested employers under this chapter.

I.C. § 72-1361; *see also id.* § 72-1368(12) (stating that the Idaho administrative procedure act (IDAPA) is not applicable to employment-security appeals); *Henderson v. Eclipse Traffic Control and Flagging, Inc.*, No. 34526, 2009 WL 1564538 (Idaho June 5, 2009) (stating that proceedings before the commission are not subject to the IDAPA). "The commission shall decide all claims for review filed by any interested party in accordance with its own rules of procedure not in conflict herewith." *Id.* § 72-1368(7).

Appeals before the Commission are governed by the Rules of Appellate Practice and Procedure Under the Idaho Employment Security Law [hereinafter "Commission Appellate

---

[2] The letter sent to Smith notified him of the Appeals Examiner's decision and that he had fourteen days from the date of the mailing of the decision to appeal to the Industrial Commission by mail or facsimile:

> If the appeal is mailed, it must be postmarked no later than the last day to appeal. An appeal filed by facsimile transmission received after 5:00 p.m. will be deemed received by the Commission on the next business day. <u>A late appeal will be dismissed</u>.

(emphasis in original).

Rules"], promulgated pursuant to I.C. §§ 72-508 and -1368(7). Under the Commission Appellate Rules, "filing" occurs by mail when the appeal is mailed, and the date of mailing is "determined by the postmark on the envelope containing the appeal." Comm'n App. R. 2(D); *see also Dep't of Employment v. Drinkard*, 98 Idaho 222, 225, 560 P.2d 1312, 1315 (1977) ("[T]he date of the postmark on a claim for review is deemed to be the date of its filing with the Commission."); *In re Dominy*, 116 Idaho 727, 729, 779 P.2d 402, 404 (1989) (same). A postmark is "[a] stamp or mark put on letters or other mailable matter received at the post-office for transmission through the mails." *Black's Law Dictionary* (6th ed.). The USPS defines a postmark as a "postal cancellation imprint on letters[,] flats[,] and parcels. The imprint shows [the] date and the name, state, and ZIP Code of the post office or sectional center facility that accepted custody of the mailpiece." USPS Pub. 32 at 90, (July 5, 2007) *available at* http://www.usps.com.

The Commission incorrectly found that May 20, 2008, the date stamped on Smith's appeal envelope in Watsontown, Pennsylvania, was the date "on which the U.S. Postal Service took custody of Claimant's protest for the express purpose of delivering it to the Commission." The Watsontown mark was not a postmark but a backstamp. To "backstamp" a mailpiece is merely "[t]o mark the back of a mailpiece with a postmarking or cancelling device to show that the piece was received, dispatched, or missent." USPS Pub. 32 at 12. The Watsontown stamp merely indicates that the piece had been missent to Pennsylvania and was being rerouted back to Idaho. Because the backstamp does not establish when the USPS actually received the piece, it cannot be a valid postmark to establish the date an appeal was filed with the Commission. Aside from Smith's postage-meter mark, the backstamp is the only mark that appears on the envelope, so the envelope never has been postmarked at all.

In addition, the private postage-meter mark on Smith's appeal cannot substitute for a postmark to establish the date of the appeal filing to the Commission. The Commission Appellate Rules are clear that the date of filing is "determined by the postmark on the envelope." Comm'n App. R. 2(D). A postmark can only be applied by the USPS itself to indicate whether, when, and where the post office accepted the piece of mail or to show that there is a defect in the mailpiece or its affixed postage. USPS Pub. 32 at 12, 90. In contrast, the United States Postal

4

Service Domestic Mail Manual[3] defines a postage-meter machine as a "device or system of components a customer uses to print evidence that postage required for mailing has been paid."[4] USPS Dom. Mail Manual § 604.4.1.1. Thus, "'the metered stamp [in private offices] has little, if any, probative force as evidence of the date of mailing.'" *Texas Beef Cattle Co. v. Green*, 862 S.W.2d 812, 814 (Tex. Ct. App. 1993) (modification in original) (quoting *Albaugh v. State Bank*, 586 S.W.2d 137, 138 n.2 (Tex. Ct. App. 1979)). Like a backstamp, a postage-meter mark cannot be a postmark because it does not indicate if, when, or where the USPS accepted custody of the mailpiece. The user can easily print an inaccurate date or deliver the mail on a different date than that indicated by the postage meter on the envelope. The sender can also simply omit part or all of the date from the mailpiece and send the letter at any time. USPS Dom. Mail Manual § 604.4.5.2.c.

It is true that even though the mark is simply evidence that the customer paid postage, metered mailpieces bearing a date "must be deposited or presented" to the USPS on the meter-stamp date according to the rules that the USPS imposes on meter users. *Id.* § 604.4.5.2.a. If the mailpiece is not deposited on the meter-stamp date, a date correction must be applied to the piece. *Id.* § 604.4.4.1.a. Nonetheless, despite the USPS policy against accepting a mailpiece with an incorrect postage-meter date, the USPS cannot closely scrutinize all of the millions of meter-marked dates on the mail it processes. *See Lin v. Unemployment Comp. Bd. of Review*, 735 A.2d 697, 700 (Pa. 1999) ("[A meter mark] lacks the inherent reliability of the official United States postmark."). In short, the meter mark is merely evidence of whether postage was paid—not when it was placed in USPS custody. Accordingly, Smith's appeal was properly dismissed.

Finding that Smith's appeal was not timely filed is consistent with this Court's holdings in *Moore v. Melaleuca*, 137 Idaho 23, 43 P.3d 782 (2002), and *In re Dominy*, 116 Idaho 727, 779 P.2d 402 (1989), both of which interpreted similar provisions designating the postmark date as

---

[3] The United States Postal Service Domestic Mail Manual contains internal rules governing the postal system. *See* 39 C.F.R. § 111.1 (2009) (incorporating the Manual by reference). It can be found at http://pe.usps.gov.

[4] The postage meters are available through authorized meter providers and may be leased or rented, but may not be sold or resold. USPS Dom. Mail Manual § 604.4.1.2.a. Customers using postage meters must enter into an agreement with the United States Postal System (USPS) and agree to "abide by all rules and regulations governing its use." *Id.* § 604.4.2.1. The postage meter must be inspected by the manufacturer on a scheduled basis and may be examined by the USPS. *Id.* § 604.4.2.1.d. The USPS may deny the use of the postage meter machine to any customer who fails to comply with the rules and regulations. *Id.* § 604.4.2.4.

the date of filing an appeal. In *Moore*, the appellant in an unemployment claim delivered her appeal to the U.S. Post Office in Idaho Falls around 5:30 on the final day of filing, but when the notice arrived at the Commission, it was postmarked for the following day in a different city. *Id.* This Court nonetheless upheld the Commission's ruling that the delivery was timely because the appellant had obtained a letter from the USPS claiming fault for the untimely postmark. *Id.* By contrast, in *Dominy*, the appellant, his lawyer, and his lawyer's secretary all submitted affidavits attesting that the notice of appeal had been timely sent from Weiser, Idaho. *Dominy*, 116 Idaho at 728, 779 P.2d at 403 However, the appellant only submitted an affidavit from the USPS stating that a mailpiece sent from Weiser would not be postmarked until it was received in Boise, leaving uncertainty as to when it was actually sent. *Id.* This Court held that, despite the affidavits, there was simply not enough evidence to overcome the presumption that a piece of mail is sent on the date of its postmark. *Id.*, at 729, 779 P.2d at 404. Read together, these cases require that, in the absence of a USPS postmark, an appellant must provide evidence from the USPS to verify that the mailpiece was sent on a particular day. The USPS routinely postmarks stamped mail but does not ordinarily postmark metered mail. Thus, to ensure that a mailed notice is timely filed, parties should always either use an ordinary postage stamp to ensure that the mailpiece is postmarked or specifically request a postmark on metered mail to verify when the USPS took custody.

Here, Smith's appeal bears a postage-meter mark but no postmark. The meter mark is an inherently unreliable means of demonstrating when a mailpiece is sent and cannot substitute for an actual postmark. Smith has no other evidence from the USPS to indicate when the USPS took custody of the appeal mailpiece, only an affidavit from his office manager attesting that the mark is accurate. Thus, there is substantial evidence to support the Commission's finding that the appeal was untimely filed.

**B.**     **The Idaho Department of Labor Is Not Entitled to Recover Attorney's Fees on Appeal Pursuant to I.C. § 12-117.**

Reasonable attorney's fees and costs are available to the prevailing party under Idaho Code § 12-117 "if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." The issue of whether a postage-meter mark can substitute as a postmark when determining the filing date of an appeal is an issue of first impression in Idaho and one on which other state courts disagree. *Compare Bennett*, 42 S.W.3d at 590 (holding that the postmark presumptively indicates the date of mailing), *Texas Beef Cattle*

*Co.*, 862 S.W.2d at 814 (same), *Konfirst v. Willow CSN Inc.*, No. 1737-N, 2006 WL 3803469, \*1 (Del. Ch. Dec. 14, 2006) (unpublished opinion) (same), *and Corona v. Boeing Co.*, No. 47792-7-I, 2002 WL 339353, \*3 (Wash. Ct. App. Mar. 4, 2002) (unpublished opinion) (same), *with Chevron U.S.A., Inc. v. Dep't of Revenue*, 154 P.3d 331, 337 (Wyo. 2007) (holding that the state's private postage meter stamp constitutes a "postmark"), *1000 Friends of Oregon v. Columbia County*, 917 P.2d 543, 544 (Or. Ct. App. 1996) (stating that the date of filing can run from the date a mailpiece is metered), *and Frandrup v. Pine Bend Warehouse*, 531 N.W.2d 886, 890 (Minn. Ct. App. 1995) (holding that metered mail can be timely even if the postmark is not).

Accordingly, Smith acted with a reasonable basis in law and the Department is not entitled to attorney fees. Costs on appeal to Respondent.

## VI. CONCLUSION

For the foregoing reasons we affirm the Industrial Commission's decision dismissing Smith's appeal as untimely.


Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, **CONCUR.**