IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 41523

| | | |
|---|---|---|
| TERRI L. BOYD-DAVIS, | ) | |
| | ) | Coeur d'Alene, September 2014 |
| Claimant-Appellant, | ) | Term |
| | ) | |
| v. | ) | 2015 Opinion No. 3 |
| | ) | |
| MACOMBER LAW, PLLC, Employer, and | ) | Filed: January 23, 2015 |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Commission is <u>vacated</u> and the case is <u>remanded</u> for further proceedings consistent with this Opinion.

Terri Boyd-Davis, Hayden, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Idaho Department of Labor. Tracey K. Rolfsen argued.

_____

HORTON, Justice.

Terri Boyd-Davis appeals the decision of the Industrial Commission which concluded that Boyd-Davis failed to provide information requested by Idaho Department of Labor (IDOL) as required by IDAPA 09.01.30.425.07 and was therefore ineligible for unemployment benefits. We vacate the Commission's decision and remand the matter to the Commission for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Boyd-Davis filed for unemployment compensation on January 27, 2013, and began receiving benefits. IDOL claims to have mailed an "online review letter" to Boyd-Davis' listed address on March 6, 2013 (the Online Review Letter). The Online Review Letter indicated that Boyd-Davis had been selected to provide additional information concerning her unemployment insurance claim for the week of March 2, 2013. The Online Review Letter instructed Boyd-Davis that she would need to complete work search documentation online. The letter also indicated that

1

failure to complete the online eligibility review by 5:00 p.m. on March 15, 2013, would result in the denial of her benefits.

Boyd-Davis asserts that she did not receive the Online Review Letter. When Boyd-Davis had not provided the requested information by the March 15, 2013, deadline, IDOL issued an Eligibility Determination on March 19, 2013. The Eligibility Determination indicated that Boyd-Davis had failed to complete the online eligibility review and as a result was ineligible for benefits effective March 10, 2013. Boyd-Davis filed a protest to the denial on March 27, 2013, arguing that she did not know IDOL was seeking additional information until she received the Eligibility Determination. A telephonic hearing was scheduled for April 18, 2013.

On April 1, 2013, Boyd-Davis provided the information IDOL had requested in the Online Review Letter. As soon as the requested information was provided, Boyd-Davis' benefits were reinstated for the week beginning March 31, 2013. However, benefits were not reinstated for the period of March 10 through March 30, 2013. It is undisputed that Boyd-Davis' benefits were not denied because she was ineligible; rather, IDOL denied benefits based solely on Boyd-Davis' failure to respond to the Online Review Letter.

After three months of unemployment, Boyd-Davis obtained full-time employment on April 12, 2013. Boyd-Davis proceeded with the April 18, 2013, hearing seeking restoration of her benefits for the period of March 10 through March 30, 2013. Following the hearing, an IDOL Appeals Examiner affirmed the original eligibility determination and concluded that Boyd-Davis' benefits had been properly denied. The Appeals Examiner reasoned that service by mail was deemed complete on the date of mailing pursuant to Idaho Code section 72-1368(5). Because the Online Review Letter indicates the mailing date was March 6, 2013, and was therefore deemed served on that date, IDOL found that Boyd-Davis had failed to provide the requested information and that this failure authorized IDOL to deny her benefits up until that information was provided.

Boyd-Davis appealed to the Industrial Commission and the Commission affirmed the decision. The Commission reasoned claimants are required to provide all necessary information in order to remain eligible for unemployment benefits and that IDAPA 09.01.30.425.07 provides that a claimant who fails to provide IDOL with "all necessary information relevant to determining that claimant's eligibility *shall* be denied benefits until such information is provided." (Emphasis added).

2

The Commission explained that the "real issue" presented by Boyd-Davis' appeal was whether she could be held accountable for failing to comply with IDOL's request for information "when she purportedly did not receive the [Online Review Letter]." The Commission reasoned that under Idaho Code section 72-1368(5), notice is deemed served if mailed to the claimant's last known address, and is deemed complete on the date of mailing. The Commission concluded that this statute was applicable to the Online Review Letter. Applying Idaho Code section 72-1368(5), the Commission found by a preponderance of the evidence that the Online Review Letter was mailed and received by Boyd-Davis. As a result, the Commission found that Boyd-Davis failed to provide information as requested, and "as required by IDAPA 09.01.30.425.07," this rendered her ineligible for unemployment benefits from March 10 through March 30, 2013. Boyd-Davis timely appealed the Commission's decision to this Court.

## II. STANDARD OF REVIEW

"When reviewing a decision by the Industrial Commission, this Court exercises free review over the Commission's conclusions of law, but will not disturb the Commission's factual findings if they are supported by substantial and competent evidence." *Knowlton v. Wood River Med. Ctr.*, 151 Idaho 135, 140, 254 P.3d 36, 41 (2011) (citing I.C. § 72–732). "The interpretation of a statute is a question of law over which this Court exercises free review." *Williams v. Blue Cross of Idaho*, 151 Idaho 515, 521, 260 P.3d 1186, 1192 (2011). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 584–85, 272 P.3d 554, 556–57 (2012) (quoting *Uhl v. Ballard Med. Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)).

A three-part test is used when reviewing whether the Commission abused its discretion. *Flowers v. Shenango Screenprinting, Inc.*, 150 Idaho 295, 297, 246 P.3d 668, 670 (2010). This Court determines: "(1) whether the Commission correctly perceived the issue as one of discretion, (2) whether it acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether it reached its decision by an exercise of reason." *Id.* (quoting *Super Grade, Inc. v. Idaho Dep't of Commerce & Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007)).

## III. ANALYSIS

### A. The Commission erred in applying the presumption contained in Idaho Code section 72-1368(5) to the Online Review Letter.

3

The Commission concluded that the Online Review Letter was entitled to a presumption of receipt if sent to the claimant's address of record pursuant to Idaho Code section 72-1368(5). The Commission reasoned that Idaho Code section 72-1368(5), wherein service is deemed complete on the date of mailing, applied to the Online Review Letter and that Boyd-Davis' interpretation to the contrary did not "reflect the reality" of IDOL's day-to-day practices. The Commission found that a preponderance of the evidence indicated that IDOL mailed the Online Review Letter on March 6, 2013, and was therefore served on Boyd-Davis.

On appeal, Boyd-Davis argues that, based on the plain language of Idaho Code section 72-1368(5), the presumption of service on the date of mailing only applies to the five notices specifically identified in the statute. Boyd-Davis also argues that there is insufficient evidence to support the Commission's conclusion that IDOL mailed the letter to her address of record. IDOL argues that a document is rightly presumed delivered when placed in the mail to the correct address unless there is probative evidence of non-receipt.

"When interpreting a statute, the Court begins with the literal words of the statute, and where the language of a statute is plain and unambiguous, the Court gives effect to the statute as written, without engaging in statutory construction." *Williams*, 151 Idaho at 521, 260 P.3d at 1192. Idaho Code section 72-1368(5) is a part of the Employment Security Law and provides:

> All interested parties shall be entitled to prompt service *of notice of determinations, revised determinations, redeterminations, special redeterminations and decisions*. A notice shall be deemed served if delivered to the person being served, if mailed to his last known address or if electronically transmitted to him at his request and with the department's approval. *Service by mail shall be deemed complete on the date of mailing*. Service by electronic transmission shall be deemed complete on the date notice is electronically transmitted.

I.C. § 72-1368(5) (emphasis added). Pursuant to the administrative rules of the Department of Labor, "[t]he date indicated on Department determinations, revised determinations, redeterminations and decisions as the 'Date of Mailing' or 'Date Mailed' shall be presumed to be the date the document was deposited in the United States mail . . . unless shown otherwise by a preponderance of competent evidence." IDAPA 09.01.06.012.

By the plain language of Idaho Code section 72-1368(5), "notice" of "determinations, revised determinations, redeterminations, special redeterminations and decisions" is deemed served when mailed to the interested person's last known address. Due to the absence of terms like "such as," or "including," this list of documents to which this presumption applies is

4

exclusive. *See, e.g., State v. Hart*, 135 Idaho 827, 832, 25 P.3d 850, 855 (2001) ("By prefacing the list with the words 'such as,' the legislature clearly meant the list to be non-exclusive."); *Rohnert v. Amalgamated Sugar Co.*, 95 Idaho 763, 766, 519 P.2d 432, 435 (1974) ("The word 'include' is not a limiting or restrictive term."). This reading is consistent with *In re Dominy*, wherein this Court reasoned that Idaho Code section 72-1368(5) applies "*only* to notices served on interested parties of determinations, redetermination and decisions of appeals examiners." *In re Dominy*, 116 Idaho 727, 729–30, 779 P.2d 402, 404–05 (1989) (emphasis added).

The Commission dismissed the plain language interpretation, concluding that this interpretation "does not reflect the reality of the Department's day-to-day business processes" because the Online Review Letter was "mailed using the same process that IDOL uses for preparing and mailing Determinations." We acknowledge that the "Commission has the discretionary power to consider any type of reliable evidence having probative value, even if that evidence is not admissible in a court of law." *Higgins v. Larry Miller Subaru-Mitsubishi*, 145 Idaho 1, 5, 175 P.3d 163, 167 (2007). However, the Commission is not free to make factual findings based on its own knowledge; rather, the presentation of evidence is still necessary. *Mazzone v. Texas Roadhouse, Inc.*, 154 Idaho 750, 760–61, 302 P.3d 718, 728–29 (2013).

Here, there was no testimony and no evidence presented regarding the mailing process that IDOL uses for preparing and mailing determinations. There was also no evidence presented that the Online Review Letter was prepared and mailed using the same processes. In short, there is no evidence in the record showing that the Online Review Letter "was prepared and mailed using the same process that IDOL uses for preparing and mailing Determinations." The Commission exceeded its authority as a finder of fact when it made findings regarding the "day-to-day" process of the IDOL based on its own assessment of IDOL's procedures absent any evidence in the record. *See Mazzone*, 154 Idaho at 760, 302 P.3d at 728.

Further, as this Court has previously stated, when a statute is "plain, clear, and unambiguous," it "must be given the interpretation the language clearly implies." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 895, 265 P.3d 502, 508 (2011) (quoting *Moon v. Inv. Bd.*, 97 Idaho 595, 596, 548 P.2d 861, 862 (1976)). Neither the Commission, nor this Court, is entitled to modify its plain language. Thus, Idaho Code section 72-1368(5) is inapplicable to letters such as the Online Review Letter and the Commission erred in its interpretation and application of Idaho Code section 72-1368(5) to this case.

The issue then becomes what implication, if any, should Boyd-Davis' assertion that she did not receive the Online Review Letter have in the Commission's decision. Proof that a letter has been properly addressed, stamped, and mailed raises a presumption that it has been received by the addressee. *Hobson v. Sec. State Bank*, 56 Idaho 601, 608, 57 P.2d 685, 688 (1936) ("Where it is shown that a letter has been properly addressed and deposited in the post office, postage prepaid, a presumption arises that it was delivered to the addressee in due course of mail transportation."). When credible evidence of nonreceipt is presented, the question of receipt becomes one for the trier of fact. *Id.; see also Am. Sur. Co. of N.Y. v. Blake*, 54 Idaho 1, 7, 27 P.2d 972, 975 (1933).

In this case, at the April 18, 2013, hearing IDOL presented evidence that Boyd-Davis' address of record was the correct address. Kim Roby, the assistant manager in the Kootenai County Department of Labor Office, testified that "Mrs. Boyd-Davis was sent a letter on March 6th to" her address of record. IDOL also presented a copy of the Online Review Letter, which states that the mailing date is March 6, 2013.

Boyd-Davis confirmed that the address to which the Online Review Letter was purportedly sent was her current address, and conceded that she received the Eligibility Determination, which was sent on March 19, 2013, to the same address. Boyd-Davis also testified that "at times" she had encountered problems with mail delivery to that address, but that it was "[n]ot very often" and had been a year or two since she had filed any kind of complaint with the post office. Boyd-Davis did not question Roby as to whether the Online Review Letter had actually been sent with the postage prepaid.

However, Boyd-Davis presented evidence that would permit reasonable minds to conclude that the Online Review Letter was not received. Boyd-Davis testified that she had "not received that letter." Corroborating this assertion, Boyd-Davis provided her protest of determination, drafted on March 27, 2013, wherein she represented that she had received the March 19, 2013 Eligibility Determination but did not understand the termination of her benefits. In the protest of determination, Boyd-Davis explained: "To my knowledge, I have provided all of this information as requested by the IDOL" and that while the Eligibility Determination states that "I failed to complete a required eligibility review, I am not even sure what this means. To my knowledge, I have provided the IDOL with all information requested of me."

6

If deemed credible, this is sufficient evidence to rebut the presumption of receipt. While the Commission acknowledged that Boyd-Davis "did purportedly not receive" the Online Review Letter, it made no findings as to Boyd-Davis' credibility. If the Commission should find Boyd-Davis' testimony not to be credible and that the Online Review Letter was properly addressed, stamped, and mailed, it may apply the presumption that the letter was received. If the Commission is unable to make either of these factual determinations, it must determine whether the Online Review Letter was received without application of the presumption. Thus, this matter must be remanded to the Commission for further proceedings consistent with this Opinion.

**B. The Commission abused its discretion when it found Boyd-Davis ineligible for benefits.**

The Commission concluded that Boyd-Davis was ineligible for benefits because she failed to provide IDOL with all necessary information under IDAPA 09.01.30.425.07. On appeal, Boyd-Davis argues that the Commission misstated the applicable law and abused its discretion in denying her benefits. IDOL concedes that the Commission abused its discretion when it refused to consider whether Boyd-Davis was ineligible for benefits under IDAPA 09.01.30.425.07.

Under IDAPA 09.01.30.425.07(i), "[o]nce a claim has been established, the claimant must provide, upon request, a record of the claimant's work search, in order for the Department to assess the claimant's compliance with personal eligibility requirements." "If a claimant fails to provide the Department with all necessary information pertinent to eligibility, *the claimant may be denied benefits* until the information is provided." IDAPA 09.01.30.425.07. "[T]he word 'may' is permissive rather than the imperative or mandatory meaning of 'must' or 'shall.'" *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995) (using "may" "does not impose a mandatory duty . . . .").

The Commission concluded that "a claimant who fails to provide the Department with all necessary information relevant to determining that claimant's eligibility *shall* be denied benefits until such information is provided." (Emphasis added). When reviewing whether the Commission has abused it discretion, we look to "whether the Commission correctly perceived the issue as one of discretion . . . ." *Flowers v. Shenango Screenprinting, Inc.*, 150 Idaho 295, 297, 246 P.3d 668, 670 (2010) (quoting *Super Grade, Inc. v. Idaho Dep't of Commerce & Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007)). Due to its misstatement of the applicable legal standard, the Commission did not properly perceive this issue as one of discretion; rather it

7

concluded a denial of benefits was mandatory. Thus, the Commission abused its discretion when it determined that Boyd-Davis was ineligible for unemployment benefits effective March 10, 2013, through March 30, 2013. Upon remand, if the Commission determines that Boyd-Davis received the Online Review Letter, it must then exercise its discretion to determine whether she should be denied benefits for the pertinent timeframe.

## IV. CONCLUSION

We conclude that the Commission erred in its application of the presumption of delivery articulated in Idaho Code section 72-1368(5). The Commission abused its discretion in determining that Boyd-Davis was ineligible for unemployment benefits for the period from March 10, 2013, through March 30, 2013. We vacate the July 25, 2013 Order of the Commission and remand this matter to the Commission. Costs on appeal are awarded to Boyd-Davis.

Chief Justice BUDICK and Justices EISMANN, J. JONES and Justice Pro Tem WALTERS **CONCUR**.